**D & S INVESTMENTS, INC., et al.,**
**Appellants,**

**v.**

**Roy W. MOUER, Securities Commissioner of Texas, et al., Appellees.**

No. 12248.

Court of Civil Appeals of Texas, Austin.

March 26, 1975.

Rehearing Denied April 16, 1975.

Arthur Mitchell, Mitchell, George & Belt, Austin, for appellants.

John L. Hill, Atty. Gen., David W. Pace, Asst. Atty. Gen., Austin, W. R. Sessions, Sessions, Sessions, Neill, Scucchi & Hatch, Dallas, for appellees.

SHANNON, Justice.

The question for decision is whether the district court of Travis County was empowered to entertain a declaratory judgment suit to determine whether or not certain sales of real property by a joint venture arrangement was a security within Vernon's Tex.Rev.Civ.Stat.Ann. Art. 581–1 et seq., commonly called the Securities Act. As we are of the opinion that under the circumstances of this case, the court was without that power, we will affirm the judgment.

Appellants, D & S Investments, Inc., Melvin H. Delaney, and J. W. Sanders, filed a declaratory judgment suit in the district court of Travis County against appellees, Roy W. Mouer, the Securities Commissioner of the State of Texas, John L. Hill, the Attorney General of the State of Texas and Dee Brown Walker, a judge of the district court of Dallas County. In the trial petition appellants alleged that D & S Investments, Inc. is in the business of undertaking to secure the "participation by joint ventures of various persons coming together as joint ventures solely and only for the purchase of real property." Appellants averred further that the joint venture agreement and the real property covered by that agreement were not securities within the Securities Act. Appellants prayed that the court enter a declaratory judgment

determining that the joint venture agreements sold through D & S Investments, Inc. were not securities under the Securities Act.

Appellants also alleged that Judge Walker by conducting a court of inquiry in Dallas concerning the corporation's activities and those of others and by causing to be issued a subpoena for the presence of one of the corporation's officers in connection with that proceeding would cause the "ultimate destruction of vested present property rights" owned by them. Appellants charged that Judge Walker's actions violated certain provisions of the Vernon's Ann. Texas Code of Criminal Procedure, and that, moreover, Articles 52.01 through 52.-09 of that code were "themselves constitutionally defective" as wanting in substantive due process. Appellants pleaded further that the subpoena issued from Judge Walker's court violated procedural due process as required by the Constitutions of the United States and Texas.

Appellees Mouer and Hill filed a plea to the jurisdiction of the court. Judge Walker filed a plea of privilege and prayed that the cause asserted against him be transferred to Dallas County. Appellants' controverting plea averred that venue was in Travis County by reason of Tex.Rev.Civ. Stat.Ann. Art. 1995(4). Upon hearing of the plea to the jurisdiction and the plea of privilege, the court entered judgment sustaining the plea to the jurisdiction and the plea of privilege and dismissing the case as to appellees Mouer and Hill, and ordering the cause asserted against Judge Walker transferred to Dallas County.

It is undisputed that appellants did not seek any relief pursuant to the Securities Act before filing its declaratory judgment suit in district court.

Although appellants claim error in the judgment by several points of error, the underlying issue which must be resolved is the authority of the district court to entertain the declaratory judgment suit.

In our opinion the primary jurisdiction for determination of whether or not appellants' transactions constituted a security within the Securities Act was with the Securities Commissioner. Accordingly, the trial court correctly sustained appellees' plea to the jurisdiction.

Primary jurisdiction is the principle which determines whether the court or the agency should make the initial decision. Gregg v. Delhi-Taylor Oil Corp., 162 Tex. 26, 344 S.W.2d 411 (1961), Kavanaugh v. Underwriters Life Ins. Co., 231 S.W.2d 753 (Tex.Civ.App.1950, writ ref'd). The doctrine of primary jurisdiction is sometimes confused with, but is distinguishable from, the concepts of exhaustion of administrative remedies and ripeness. Exhaustion and ripeness determine at what stage a party may secure a review of administrative action. See University of Texas, Davis, "Administrative Law Doctrines," 28 Texas L.Rev. 376, 400 (1950). The purpose of the precept of primary jurisdiction is to assure that the administrative agency will not be bypassed in a matter which has been especially committed to it by the legislature. See Foree v. Crown Central Petroleum Corporation, 431 S.W.2d 312 (Tex.1968).

An examination of the Securities Act shows that the legislature contemplated that one, similarly situated as appellants, should first address himself to the Securities Commissioner for a determination of whether his activities constituted a security within the Securities Act. Art. 581-24 provides that if any person or company should take exception to the action of the Commissioner ". . . in any other particular where this Act specifies no other procedure, the complaining party may request a hearing before the Commissioner. Within thirty (30) days after receipt of such request, the hearing *must* be held. . . ." (Emphasis added) After the hearing the Commissioner shall issue a written order, stating the reasons therefor. Art. 581-27 details the procedures by which one aggrieved by the order of the Commissioner may appeal that order to the district court.

Companies have utilized Art. 581-24 to request hearings of the Commissioner for a determination of whether or not their activities constituted securities. In fact, this Court recently considered Clayton Brokerage Company of St. Louis, Inc. v. Mouer, Securities Commissioner of Texas, Tex. Civ.App.; 520 S.W.2d 802 (1975) (motion for rehearing overruled, March 19, 1975), in which Clayton Brokerage Company of St. Louis, Inc. had requested such a determination of the Commissioner pursuant to Art. 581-24.

Appellants also complain of the judgment sustaining the plea of privilege and transferred the cause against Judge Walker to Dallas County. Appellants argue if, in fact, the district court had no jurisdiction to determine the cause against Mouer and Hill, then it could not transfer the cause asserted against appellee Walker to Dallas County.

Section 4 of Art. 1995 provides in part:

"4. Defendants in different counties. —If two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides. . . ."

Under Section 4, the venue facts to be established are: (1) one defendant resides in the county of suit; (2) the party asserting his privilege is at least a proper party to the suit against the resident defendant; and (3) the plaintiff has a cause of action against the resident defendant. Stockyards National Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300 (1936). 1 McDonald, Texas Civil Practice, § 4.10.2 (Rev.Ed.1965).

To satisfy the third venue fact the plaintiff must plead and prove by a preponderance of the evidence each element of a cause of action against the resident defendant. Stockyards National Bank v. Maples, *supra*. It occurs to us that if the

district court had no jurisdiction to entertain the suit against Mouer and Hill, then appellants necessarily have failed to plead and prove a cause of action against either one of them.

The judgment is affirmed.