STATE BAR of Texas et al., Appellants,

v.

Glen Elmer VAN SLYKE, III, et al., Appellees.

No. 12573.

Court of Civil Appeals of Texas, Austin.

Oct. 12, 1977.

Rehearing Denied Nov. 9, 1977.

**364**

Wayne H. Paris, Asst. Gen. Counsel, State Bar of Texas, Austin, for appellants.

Arthur Mitchell, Mitchell, George & Belt, Austin, for appellee Van Slyke.

John L. Hill, Atty. Gen., David M. Kendall, Jr., Asst. Atty. Gen., Austin, for appellee Board of Law Examiners.

SHANNON, Justice.

This is an appeal from a declaratory judgment of the district court of Travis County. That judgment declared that Glen Elmer Van Slyke, III, was not precluded from being licensed to practice law by reason of a prior felony conviction. Because the judgment was an advisory opinion, we will vacate the judgment.

The following facts led to the filing of the declaratory judgment action. Van Slyke was convicted by the district court of Harris County of violation of Tex. Penal Code Ann. art. 152 (1918). Punishment was assessed by the court at eight years, probated. Article 152, now repealed, proscribed mutilating, defacing, defiling, tramping upon or casting contempt upon the flag of the United States. The testimony was that Van Slyke had employed the United States flag in masturbating in a public place at Rice University on May 1, 1970. The judgment of the district court was affirmed by the Court of Criminal Appeals in 1973. 489 S.W.2d 590.

Later, Van Slyke filed his declaration of intention to study law.

After Van Slyke completed a portion of the probated sentence, the district court of Harris County on April 1, 1975, entered an order permitting Van Slyke to withdraw his plea of guilty, dismissing the indictment against him, and setting aside the judgment of conviction against him, all pursuant to Tex.Code Crim.Proc.Ann. art. 42.12 § 7 (1966).

Van Slyke applied for permission to take the bar examination. The Fourth District Committee on Admissions, upon supplementary investigation, reported that Van Slyke was not of good moral character and that he was barred by the provisions of Tex.Rev. Civ.Stat.Ann. art. 311 from admission to the bar. Article 311 provides that no person convicted of a felony shall receive a license as an attorney. Pursuant to the rules governing admission to the bar, Van Slyke was then accorded a public hearing by the State Board of Law Examiners.

After hearing, the Board voted unanimously that Van Slyke possessed the requisite good moral character and fitness under the rules governing admission to the State Bar of Texas unless Tex.Rev.Civ.Stat.Ann. art. 311 precluded the Board from "certifying his eligibility."

The Board then determined to file a declaratory judgment in the district court of Travis County. In its petition the Board named Van Slyke and the State Bar of Texas as defendants. Later, the Standards of Admissions Committee District Four and the Executive Director of the State Bar of Texas filed a petition in intervention in the cause.

The Board's petition provides, in part, as follows:

"The Board of Law Examiners would show that it has held extensive hearings looking into the character of Defendant Van Slyke and believes that he is of such moral character and of such capacity in attainment that it would be proper for him to be permitted to take the State Bar examination and if he passes it to be licensed as an attorney. The State Bar of Texas, on the other hand, acting through its District 4 Committee on the Standards of Admission contends that Defendant Van Slyke does not possess good moral character and fitness for admission and urges that his prior conviction for commission of a felony is an absolute bar to his licensing pursuant to article 311.

"Plaintiff would show that an actual controversy exists in that it is not clear whether the provisions of section 7 of article 42.12 do or do not have the effect that Defendant Van Slyke no longer stands convicted of a felony. Justice requires that such question be resolved and it is for that purpose that this action is filed."

In their petition intervenors pleaded, among other things:

"Interveners further allege that this is a proper matter for Declaratory Relief under Article 2524–1, V.T.C.S., in that it involves an actual, real, bona fide, and

justiciable controversy at this time in that the Plaintiff BOARD OF LAW EXAMINERS has not made and is precluded from making a final determination of this matter due to Article 311, V.T.C.S. The exact interlocatory [*sic*] conditional decision of the Board at this point has been:

'The Board voted unanimously that the applicant, Glen Elmer Van Slyke, III, possesses present moral character and fitness under the Rules Governing Admission to the Bar of Texas *unless the provisions of Art. 311 R.C.S.T. would* preclude the Board of Law Examiners from certifying his eligibility.'

"Thus there has been and can be no final determination of this matter until this Honorable Court interprets the effect of Article 311, V.T.C.S. as sought in Plaintiff's Original Petition for Declaratory Relief."

██ The reasons for the vacation of the court's judgment follow. Although after hearing the Board was of the opinion that Van Slyke was of such moral character and such capacity in attainment that it would be proper for him to be permitted to take the State Bar Examination and if he passed it to be licensed as an attorney, the Board neither granted nor denied Van Slyke the right to take the bar examination. Instead, the Board passed on to the district court the law question of whether Van Slyke's prior felony conviction was a bar to his being licensed pursuant to art. 311.

The purpose of the filing of the declaratory judgment was to obtain, before the entry of the Board's order, the advice of the district court as to whether art. 311 inhibited Van Slyke from taking the bar. After receiving the court's judgment, the Board would grant or deny, in consonance with the court's advice, Van Slyke the right to take the bar examination.

Article V § 8 of the Texas Constitution does not empower the courts to render advisory opinions. *United Services Life Insurance Company v. Delaney*, 396 S.W.2d 855 (Tex.1965); *Firemen's Ins. Co. of Newark, New Jersey v. Burch*, 442 S.W.2d 331 (Tex.1968). As is apparent, we view the judgment to be an advisory opinion.

The judgment of the district court is vacated.