**Harold C. SIMMONS et al., Appellants,**

v.

**DANCO, INC., Appellee.**

**No. 19565.**

Court of Civil Appeals of Texas, Dallas.

Feb. 27, 1978.

Rehearing Denied Feb. 24, 1978.

Fred H. Bartlit, Jr., Kirkland & Ellis, Chicago, Ill., Lawrence G. Newman, Newman, Shook & Newman, Dallas, B. J. Walter, Jr., T. William Porter, Foreman, Dyess, Prewett, Rosenberg & Henderson, Houston, for appellants.

James S. Ramsey, Jr., Crutcher, Hull, Ramsey & Jordan, Dallas, William H. Tinsley, Johnson & Cravens, Dallas, for appellee.

AKIN, Justice.

This is an appeal from a temporary injunction granted by the district court enjoining Harold C. Simmons, Flight Proficiency Service, Inc., and Contran Corporation, "from engaging in a tender offer for the shares of stock of Contran, purchasing, offering to purchase, soliciting offers to sell or otherwise consummating any purchase of shares of stock of Contran without complying with the administrative guidelines . . promulgated by the Texas State Securities Board." We dissolve the trial court's in-

junction on the ground that the appellee, Danco, Inc., has no right, as a matter of law, to apply to a court for an injunction because this is a matter that should be first presented and decided by the Securities Commissioner and/or the Securities Board. Accordingly, we hold that the trial court abused its discretion in granting the injunction.

The relevant facts are undisputed. On January 17, 1978, Danco announced that it would mail tender offers to Contran's shareholders in an effort to gain control of Contran, which is presently controlled by appellant Simmons and his family trusts through Flight Proficiency, which owns 41% of the outstanding stock of Contran, the target company. So as to foil the attempted take-over of Contran by Danco, Simmons on January 31, 1978, filed and sent to all shareholders a statement required by the Federal Securities and Exchange Commission's Regulation 240.13(e)–1 as a condition for purchase of stock by the management group. This statement, commonly known as a "Rule 13(e)–1" letter, stated that Flight Proficiency, Inc. was considering purchase of Contran stock in private transactions so that it could retain control of Contran. Danco filed suit in the federal district court seeking an injunction under federal security laws to prevent Simmons and his companies and trusts from purchasing additional Contran stock. The temporary injunction was denied. Appellee Danco then filed this suit in state district court seeking to enjoin appellants from purchasing stock of Contran without first complying with certain guidelines for tender offers promulgated by the Texas Securities Commission.

Danco contends that appellants' letter of January 31st, filed as required by Regulation 240.13(e)–1, was a tender offer under the guidelines established by the Texas Securities Commission. On the other hand, appellants argue that the state administrative guidelines are not applicable to them because these guidelines apply only to "tender offers" and that the S.E.C. Rule 13(e)–1 statement is not a "tender offer" so as to make the administrative guidelines applicable to them. Appellants also contend that the primary jurisdiction to determine what activities constitute a "tender offer" under the administrative guidelines lies with the Texas Securities Commission rather than with the courts. A motion to dismiss on this ground was filed in the trial court. In this respect, appellants assert that no private right of action is afforded by injunctive relief to remedy a breach of the administrative guidelines, but rather such a remedy is available only to the Securities Commissioner or the attorney general.

We agree with appellants that the trial court's injunction is an interference with the commissioner's primary jurisdiction. Primary jurisdiction is the principle which determines whether the court or the agency should make the initial decision. *Gregg v. Delhi-Taylor Oil Corp.,* 162 Tex. 26, 344 S.W.2d 411, 414 (1961); *Kavanaugh v. Underwriters Life Ins. Co.,* 231 S.W.2d 753, 755–56 (Tex.Civ.App.—Waco, 1950, writ ref'd); *D & S Investments v. Mouer,* 521 S.W.2d 118, 120 (Tex.Civ.App.—Austin 1975, writ ref'd n. r. e.). Article 581–28–1 of the Texas Securities Act (Vernon Supp. 1978) [1] authorizes the Texas Securities Board to make such rules and regulations as the board may deem necessary in order to implement the provisions of the Texas Securities Act. Subsection (B) of this statute specifically provides: ". . . [T]he *board may, in its discretion, waive any requirement of any rule or regulation* in situations where, in its opinion, such requirement is not necessary in the public interest or for the protection of investors." [Emphasis added] Subsection (D) permits the board to delegate to the commissioner or deputy commissioner the right to waive any of the rules and regulations adopted under art. 581–28–1. Under this statute, the only jurisdiction of a court is to determine

---

1. All citations are to Texas Securities Act, Tex.Rev.Civ.Stat.Ann., art. 581–1 *et seq.* (Vernon 1964) unless otherwise noted.

whether any guideline promulgated is invalid, not whether a guideline should be enforced. Acting on this statute, guidelines for minimum standards in tender offers were promulgated. (1978) 3 Blue Sky Law Rep. (CCH) ¶ 46,615, § .065.15.00.100 *et seq.* Section .100(a) of the guidelines states explicitly that tender offers are subject to the jurisdiction of the board, and Section .100(b) specifically provides that certain guidelines may be waived or modified by the commissioner. Thus, we conclude that by enacting art. 581–28–1 the legislature intended to vest primary jurisdiction of administering these guidelines with the board and/or the commissioner rather than the courts. Moreover, art. 581–3 provides that the administration of the Securities Act *shall* be vested in the securities commissioner, and art. 581–32 specifically gives the commissioner the right to seek an injunction to enforce the act. No such right is given a private party. Consequently, even assuming that the Regulation 240.13(e)–1 statement filed by appellants under the federal Securities Act was a tender offer, which we cannot decide, this determination lies with the commissioner and, if he so determines it to be a tender offer, he may, in his discretion, waive compliance with the guidelines. This opportunity has not been afforded the commissioner here. Indeed, Danco could have, by sworn affidavit, invoked the jurisdiction of the commissioner under Section .600 of the guidelines, (1978) 3 Blue Sky Law Rep. (CCH) Paragraph 46,615, entitled "Petition to Commissioner" if Danco wanted action under the guidelines. This it apparently chose not to do.

Danco seeks to justify its right to injunctive relief by pointing to art. 581–33(M) (Vernon Supp.1978), which provides in part that "the rights and remedies provided by this Act are in addition to any other rights . . . or remedies that may exist at law or in equity." No such right exists, however, with respect to a matter committed to the primary jurisdiction of the administrative agency.

We conclude, therefore, that the temporary injunction must be reversed and dissolved on the ground that this is a matter that should first be presented and decided by the Securities Commission or the Securities Board. They have full authority to consider and decide the very questions presented to the trial court in the affidavit for temporary injunction and thus to seek in the district court the very same relief which Danco seeks in the present suit. As noted above, the commissioner and the board have the primary responsibility to enforce and interpret the Securities Act and the guidelines promulgated pursuant to it, and also have authority granted by art. 581–28–1 (Vernon Supp.1978) to waive the requirements of the guidelines when compliance is not necessary in the public interest. The courts are not in a position to make this kind of a determination. If administrative relief is denied, that denial must be reviewed in the manner prescribed by the Securities Act.

Accordingly, we hold that the temporary injunction granted by the trial court is an interference with the primary jurisdiction of the commissioner or the Securities Board, or both. It is, therefore, an abuse of discretion and is dissolved.