Foster C. WILSON, Appellant,

v.

**GRIEVANCE COMMITTEE FOR STATE BAR DISTRICT NO. 3–A et al., Appellees.**

No. 12722.

Court of Civil Appeals of Texas, Austin.

April 19, 1978.

Rehearing Denied May 10, 1978.

Arthur Mitchell, Mitchell, George & Belt, Austin, for appellant.

Davis Grant, Gen. Counsel, Wayne H. Paris, Asst. Gen. Counsel, State Bar of Texas, Austin, for appellees.

SHANNON, Justice.

This is an appeal from a declaratory judgment entered by the district court of Travis County. That judgment declared disciplinary proceedings against an attorney instituted by a Grievance Committee are not subject to provisions of Tex.Rev.Civ. Stat.Ann. art. 6252–13a (Supp.1978), the Administrative Procedure and Texas Register Act.[1]

Foster C. Wilson is an attorney licensed by the State Bar of Texas. In August of 1975, the Grievance Committee for State Bar District 3–A commenced proceedings concerning Wilson's conduct. Those proceedings continued into January, 1976. The Grievance Committee later filed formal complaint in the district court of Jefferson County seeking Wilson's disbarment. Wilson claimed in that suit that the Grievance Committee was without authority to prosecute suit because the State Bar of Texas had not complied with the Administrative Procedure and Texas Register Act.

Wilson filed suit for declaratory judgment in Travis County before judgment was entered in Jefferson County. Wilson sought declaration that the Act applies to the State Bar of Texas; that disbarment proceedings are within the definition of "contested case" as defined in the Act, § 3(2); that the State Bar of Texas must follow procedures of the Act; that State Bar Rules have not been filed in accordance with the Act, §§ 5, 7, 8, and 10, and are not enforceable; that § 22 of the Act repeals provisions of State Bar Rules that conflict

with the Act; and that he had been denied protection afforded him "by law."

Wilson relies upon § 12 of the Act as basis for suit. Section 12 provides that validity or applicability of any rule adopted by an agency may be determined by declaratory judgment suit in district court in Travis County and not elsewhere.

Neither Grievance Committee nor State Bar of Texas questioned the power of the Travis County district court to afford declaratory relief, but instead both defendants joined issue by denying that the proceedings initiated against Wilson were subject to the Act. The district court entered declaratory judgment adverse to Wilson.

Because we regard that judgment as an advisory opinion, we will vacate judgment. Wilson filed suit for declaratory judgment before the Jefferson County suit had proceeded to judgment. In the Jefferson County suit Wilson asserted that Grievance Committee was without authority to proceed since the State Bar of Texas had not complied with the Act. Rather than pursuing that contention as a defense in the Jefferson County suit, Wilson sought the advice of the district court of Travis County. The obvious purpose of Wilson's declaratory judgment suit was to obtain a declaration upon applicability of the Act to Grievance Committee proceedings so that he might assert that judgment as some character of bar in the disbarment suit.

Prerequisite to the declaratory judgment process is the existence of genuine controversy between parties that will be determined by the declaration sought. Otherwise, the judgment obtained is an advisory opinion. *Board of Water Engineers v. City of San Antonio*, 155 Tex. 111, 283 S.W.2d 722 (1955). If the district court of Travis County is to entertain suit for declaratory relief, the court must have power to settle the entire controversy by final judgment. Wilson is not entitled to try his lawsuit piecemeal. *United Services Life In-*

---

1. The Administrative Procedure and Texas Register Act is usually referred to in this opinion as the "Act."

*surance Co. v. Delaney,* 396 S.W.2d 855 (Tex.1965); *Joseph v. City of Ranger,* 188 S.W.2d 1013 (Tex.Civ.App.1945, writ ref'd w. o. m.). Although the same suit or parts thereof were pending in both district courts of Jefferson and Travis Counties, only the district court of Jefferson County could enter judgment disposing of all issues.

Article V, § 8 of the Constitution of Texas does not empower courts to render advisory opinions. *United Services Life Insurance Co. v. Delaney, supra; Firemen's Insurance Co. of Newark, New Jersey v. Burch,* 442 S.W.2d 331 (Tex.1968); *State Bar of Texas v. Glen Elmer Van Slyke, III,* 557 S.W.2d 363 (Tex.Civ.App.1977, no writ). In view of the constitutional prohibition § 12 of the Administrative Procedure and Texas Register Act cannot empower the Travis County court to render an advisory opinion.

The judgment is vacated.

Appeal dismissed and Judgment vacated.