**David Lee POWELL, Appellant,**

v.

**W. J. ESTELLE, Jr., Director, Texas Department of Corrections, Appellee.**

**No. 13003.**

Court of Civil Appeals of Texas, Austin.

April 18, 1979.

Rehearing Denied May 2, 1979.

---

J. P. Darrouzet, Austin, for appellant.

Mark White, Atty. Gen., Stephen G. Nagle, Asst. Atty. Gen., Austin, for appellee.

SHANNON, Justice.

The opinion of this Court filed on April 11, 1979, is withdrawn, and the following opinion replaces it.

This is an appeal from the judgment of the 261st District Court of Travis County dismissing for want of jurisdiction David Lee Powell's suit for declaratory judgment. We will affirm the judgment.

On January 2, 1979, Powell filed a declaratory judgment suit in the 261st District Court of Travis County. Powell sought a declaration by the court that a "rule" adopted by W. J. Estelle, Jr., Director of the Texas Department of Corrections, is invalid. Estelle's rule provides that execution by injection will be by use of a lethal dose of sodium thiopentol.

Powell claims that the rule is invalid because Estelle did not comply with the Administrative Procedure and Texas Register Act, Tex.Rev.Civ.Stat.Ann. art. 6252–13a § 5 (Supp.1978). Section 5 of the Administrative Procedure Act provides, in general, that prior to the adoption of a rule, an agency shall give thirty days' notice of its intended action and an opportunity for all interested persons to submit their views on the subject, either orally or in writing. In certain classes of rules, opportunity for public hearing must be granted if requested by a certain number of persons or by certain classes of agencies or associations. Section 5(e) provides that no rule is valid unless adopted in substantial compliance with § 5.

In September of 1978, Powell was tried and found guilty of capital murder in Cause Number 55,521, *State v. Powell*, in the 167th District Court of Travis County. In response to a question from the bench during oral argument in this Court, counsel for Powell stated that the invalidity of the rule prescribing the substance and dosage to be used in execution by injection had been asserted by Powell in the criminal trial. The basis for the asserted invalidity of the rule in the criminal proceeding was that § 5 of the Administrative Procedure and Texas Register Act had not been followed.

The judgment signed by the 167th District Court on October 5, 1978, provided in part:

"It is therefore the Order of the Court that the Defendant is sentenced to death; but the law further providing for an automatic appeal to the Court of Criminal Appeals of the State of Texas, the sentence is suspended until the decision of the Court of Criminal Appeals is received by this Court."

Powell has filed a motion for new trial in *State v. Powell*, and that motion is presently pending determination by the 167th District Court.

As basis for his declaratory judgment suit in the 261st District Court, Powell relies upon § 12 of the Administrative Procedure and Texas Register Act. Section 12 provides that validity or applicability of any rule adopted by an agency may be determined by declaratory judgment suit in district court in Travis County.

Because we regard Powell's suit for declaratory judgment as an effort to obtain an advisory opinion from the 261st District Court, we are of the opinion that the 261st District Court had no jurisdiction to entertain the suit. Powell filed suit for declaratory judgment in the 261st District Court before the 167th District Court had made a determination of Powell's motion for new trial. In the criminal trial in the 167th District Court, Powell asserted that the rule prescribing the substance and dosage for execution by injection was invalid because § 5 of the Administrative Procedure and Texas Register Act had not been complied with prior to the adoption of the rule. The obvious purpose of Powell's declaratory judgment suit was to obtain a declaration from the 261st District Court as to the applicability of § 5 to Estelle's rule so that Powell might assert that declaration in the hearing for new trial in the 167th District Court and perhaps later on appeal to the Court of Criminal Appeals.

Prerequisite to the declaratory judgment process is the existence of genuine controversy between the parties that will be determined by the declaration sought. Otherwise, the judgment obtained is an advisory opinion. *Board of Water Engineers v. City of San Antonio*, 155 Tex. 111, 283 S.W.2d 722 (1955); *Wilson v. Grievance Committee for State Bar Dist.*, 565 S.W.2d 361 (Tex.Civ.App.1978, writ ref'd n. r. e.). If the 261st District Court is to entertain the suit for declaratory relief, that court must have power to settle the entire controversy by final judgment. Powell is not entitled to have his suit tried piecemeal. *United Services Life Insurance Co. v. Delaney*, 396 S.W.2d 855 (Tex.1965). Although the same suit, or portion thereof, was pending in both the 167th and the 261st District Courts, only the 167th District Court could enter judgment disposing of all disputed matters. *Wilson v. Grievance Committee for State Bar Dist., supra.*

Article V, § 8 of the Constitution of Texas prohibits courts from rendering advisory opinions. *United Services Life Insurance Co. v. Delaney, supra; Firemen's Insurance Co. of Newark, New Jersey v. Burch*, 442 S.W.2d 331 (Tex.1968); *Wilson v. Grievance Committee for State Bar Dist., supra.* In view of the constitutional prohibition, § 12 of the Administrative Procedure and Texas Register Act cannot empower the 261st District Court to render an advisory opinion. That court correctly dismissed the suit for want of jurisdiction.

The judgment is affirmed.

Affirmed on Motion for Rehearing.