IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-160-CV





LUIS E. GUERRERO-RAMIREZ, M.D.,



 APPELLANT


vs.





HOMER GOEHRS, EXECUTIVE DIRECTOR OF THE


 TEXAS STATE BOARD OF MEDICAL EXAMINERS, ET AL.,



 APPELLEES


 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT



NO. 91-14745, HONORABLE JOHN K. DIETZ, JUDGE



 





PER CURIAM


 Appellant Luis E. Guerrero-Ramirez, M.D. appeals from an order of the district
court of Travis County denying his request for temporary injunctive relief. See Tex. Civ. Prac.
& Rem. Code Ann. § 51.014 (Supp. 1992). We will affirm the order of the district court.

 The Texas State Board of Medical Examiners initiated a disciplinary proceeding
to revoke Guerrero-Ramirez's license to practice medicine pursuant to the Medical Practice Act,
Tex. Rev. Civ. Stat. Ann. art. 4495b (Supp. 1992) ("MPA"). See MPA § 4.01(a) (Supp. 1992). 
In March 1992, Guerrero-Ramirez filed his first amended original petition for temporary
restraining order, temporary injunction and permanent injunction in the district court of Travis
County seeking to enjoin appellees (1) from proceeding against him until the Board held a hearing
in compliance with the Administrative Procedure and Texas Register Act, Tex. Rev. Civ. Stat.
Ann. art. 6252-13a (Supp. 1992) ("APTRA"). Guerrero-Ramirez alleged that the hearing
examiner arbitrarily and capriciously overruled a motion for continuance of the agency hearing
and, thereby, denied Guerrero-Ramirez his right to counsel. See MPA § 4.06 (Supp. 1992);
APTRA § 14(r) (Supp. 1992). After a hearing, the district court denied the request for a
temporary injunction.

 In an appeal from an order denying a request for a temporary injunction, appellate
review is confined to the validity of the order denying the injunctive relief. The merits of the
lawsuit are not presented for review. Davis v. Huey, 571 S.W.2d 859, 861-62 (Tex. 1978);
Public Util. Comm'n v. Coalition of Cities for Affordable Util. Rates, 776 S.W.2d 224, 226 (Tex.
App. 1989, no writ). Indeed, appellate consideration of the merits of the underlying lawsuit is
error. Davis, 571 S.W.2d at 862; Hertz Corp v. State Dept. of Highways & Pub. Transp., 728
S.W.2d 917, 919 (Tex. App. 1987, no writ). This Court may reverse the district court's order
only on a showing of a clear abuse of discretion. Transport Co. of Tex. v. Robertson Transp.,
261 S.W.2d 549, 552 (Tex. 1953).

 In one point of error, Guerrero-Ramirez contends that the district court abused its
discretion in denying his request for a temporary injunction. To be entitled to the injunction,
Guerrero-Ramirez had the burden to demonstrate both a probable right to recover and a probable,
irreparable injury that would occur if the court did not order an injunction. Tex. Civ. Prac. &
Rem. Code Ann. § 65.011(3) (Supp. 1992); Robertson Transp., 261 S.W.2d at 552; Rutherford
Oil Corp. v. General Land Office, 776 S.W.2d 232, 234 (Tex. App. 1989, no writ). We conclude
that the district court did not abuse its discretion because Guerrero-Ramirez did not demonstrate
a probable right to recover as he had not exhausted his administrative remedies.

 We first note that the underlying lawsuit is not an action for declaratory judgment
pursuant to APTRA § 12 (Supp. 1992). In fact, § 12 expressly prohibits its use to "delay or stay
a hearing . . . if a suspension, revocation, or cancellation of a license by an agency is at issue
before the agency." APTRA § 12 (Supp. 1992). The only proceeding remaining in the district
court is the request for a permanent injunction to enjoin the Board from proceeding against
Guerrero-Ramirez.

 Generally, a party to an administrative proceeding is not entitled to judicial review
of the agency actions until the party has pursued correction through the prescribed process. 
APTRA § 19(a) (Supp. 1992); Texas Educ. Agency v. Cypress-Fairbanks Indep. Sch. Dist., 830
S.W.2d 88, 90 (Tex. 1992); Texas State Bd. of Examiners in Optometry v. Carp, 343 S.W.2d
242, 246-47 (Tex. 1961); see APTRA § 19(e) (Supp. 1992). A party who files a lawsuit while
a dispute is still pending before the Board obviously has not exhausted his administrative
remedies. See MPA § 2.09(n); APTRA § 16(c),(e) (Supp. 1992). On appeal, Guerrero-Ramirez
does not assert that the instant proceeding falls within any exception to the general rule of
exhaustion of administrative remedies. See generally City of Sherman v. Public Util. Comm'n,
643 S.W.2d 681, 683 (Tex. 1984); Public Util. Comm'n v. Pedernales Elec. Coop., Inc., 678
S.W.2d 214, 219-20 (Tex. App. 1984, no writ).

 The legislature has expressly delegated the authority to regulate the practice of
medicine to the Board. MPA §§ 2.01, 2.09(a), 4.01. Section 1.02 of the MPA provides that the
Board "should remain the primary means of licensing, regulating, and disciplining the individual
physicians and surgeons who are licensed to practice medicine." MPA § 1.02(2) (Supp. 1992). 
See Texas Dept. of Human Servs. v. ARA Living Centers of Tex., Inc., No. 3-91-422-CV (Tex.
App.Austin, July 1, 1992, n.w.h.); D&S Inv., Inc. v. Mouer, 521 S.W.2d 118, 120 (Tex. Civ.
App. 1975, writ ref'd n.r.e.) (doctrine of primary jurisdiction).

 More particularly, the determination of the motion for continuance, a matter that
involves the Board's control of its administrative docket, was a matter within the discretionary
authority of the hearing examiner. Gibraltar Sav. Ass'n v. Franklin Sav. Ass'n, 617 S.W.2d 322,
327-28 (Tex. Civ. App. 1981, writ ref'd n.r.e.). The Board, which has the authority and
responsibility to determine in the first instance whether to take certain action, is not subject to
restraint by the courts whenever a party alleges that the Board has reached an erroneous
conclusion on a preliminary or procedural question. Carp, 343 S.W.2d at 246.

 If aggrieved by the denial of the motion for continuance, Guerrero-Ramirez may
seek judicial review of the Board's final order pursuant to the MPA and APTRA. MPA § 4.09
(Supp. 1992); APTRA § 19 (Supp. 1992). If the Board determines to revoke Guerrero-Ramirez's
license, the Board may provide that its order be probated. MPA § 4.11 (Supp. 1992). If
Guerrero-Ramirez does file a petition for judicial review in the district court of Travis County,
he may then request that court to enjoin or stay the Board's decision. MPA § 4.08 (Supp. 1992);
see Carp, 343 S.W.2d at 246 (if license revoked, party may seek review in district court which
may then stay or enjoin agency decision if necessary to protect party's rights).

 Because the doctrine of exhaustion of administrative remedies precludes a probable
right of recovery, the trial court's denial of the request for a temporary injunction was not an
abuse of discretion. The point of error is overruled

 The order of the district court is affirmed.



[Before Justices Powers, Jones and Kidd]

Affirmed

Filed: August 12, 1992

[Do Not Publish]

1.   Appellees are Homer Goehrs, executive director of the Texas State Board of Medical
Examiners; Mark Foster, hearing examiner; and the fifteen members of the Board. We refer
to the named appellees and the Board collectively as "the Board."