IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-552-CV





SOUTHWEST AIRLINES CO.,



 APPELLANT


vs.





TEXAS HIGH-SPEED RAIL AUTHORITY AND


TEXAS TGV CONSORTIUM,



 APPELLEES



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT



NO. 91-3367, HONORABLE PETER M. LOWRY, JUDGE PRESIDING



 




 Southwest Airlines Company appeals from a trial-court judgment that dismissed for
want of jurisdiction Southwest's suit for declaratory and injunctive relief against the Texas High-Speed Rail Authority, in which Texas TGV Consortium intervened. We will affirm the trial-court
judgment.



THE CONTROVERSY


 In 1989, the legislature enacted the Texas High-Speed Rail Act. Act of May 23,
1989, 71st Leg., R.S., ch. 1104, sec. 1, 1989 Tex. Gen. Laws 4564 (Tex. Rev. Civ. Stat. Ann.
art. 6674v.2 (West Supp. 1993)). The Act created the Authority and placed its administration in
the hands of a board of directors composed of nine individuals selected in a manner set out in the
Act. Id. at 4565-66. Among the powers delegated to the Authority was the power to "grant a
franchise for the financing, construction, improvement, use, or operation of all or part of a high-speed rail facility in incorporated and unincorporated areas of the state." Id. at 4566. The term
"high-speed rail" refers to "the rail technology that permits the operation of rolling stock between
scheduled stops at speeds in excess of 150 miles an hour." Id. at 4568. The Act charged the
Authority to solicit applications for such franchise and to award the franchise, in accordance with
the Act and the rules and standards promulgated by the Authority, "to the applicant that the board
determines is best qualified . . . and if the board determines that it is for the public convenience
and necessity to do so." Id. at 4574.

 In January 1991, Texas TGV and Texas FasTrac applied for the franchise. On
February 7, 1991, rules and standards adopted by the Authority became effective. See 43 Tex.
Admin. Code §§ 85.101-.804 (Supp. 1993). These rules provided for an adjudicative proceeding
similar to the contested-case proceedings conducted under the Administrative Procedure and Texas
Register Act, Tex. Rev. Civ. Stat. Ann. art. 6252-13a, §§ 13-19 (West Supp. 1993) (APTRA). 
The Board apparently appointed an examiner to conduct the proceeding.

 The examiner admitted Southwest as a party on February 22, 1991. Southwest
filed a "discovery" request the same day, which the examiner denied based on one of the agency
rules. Southwest sued on March 6, 1991, in district court, seeking injunctive and declaratory
relief in the cause we now review on appeal. Meanwhile, the agency proceeding continued. After
a hearing during the period March 25, 1991 - April 16, 1991, the Authority issued a final order
on May 29, 1991, directing issuance of the franchise to Texas TGV. Southwest filed in the
agency proceeding a motion for rehearing that was overruled by operation of law on July 13,
1991. Southwest then filed in the Travis County district court a suit for review of the Authority's
final order.

 In a footnote, we have summarized the allegations made by Southwest in its two
lawsuits in district court, one seeking injunctive and declaratory relief against the Authority,
brought within a few weeks after Southwest entered the agency proceeding and before a final
order was made therein, and the other seeking a review of the Authority's final order that
terminated that proceeding. (1)

 On December 3, 1991, the trial court dismissed for want of subject-matter
jurisdiction Southwest's suit for judicial review of the Authority's final order in the agency
proceeding. Southwest appealed to this Court. We held in that appeal that Southwest did not
have the justiciable interest necessary to invoke the trial court's inherent jurisdiction and that no
statute conferred upon the trial court a special statutory jurisdiction under which it might
determine the validity of the Authority's final order. See Southwest Airlines Co. v. Texas High-Speed Rail Auth., No. 3-92-151-CV (Tex. App.--Austin June 9, 1993, n.w.h.).

 On July 13, 1992, the trial court dismissed for want of jurisdiction Southwest's first
lawsuit, brought early in the administrative proceeding to obtain declaratory and injunctive relief
under APTRA section 12 and the Uniform Declaratory Judgments Act. Southwest's appeal from
that judgment is now before us for decision. In one point of error, Southwest attacks the trial
court's failure to file findings of facts and conclusions of law; its remaining six points of error
attack the trial court's actions in dismissing Southwest's suit. 



DISCUSSION AND HOLDINGS


 Actions for declaratory relief require the existence of a real controversy between
the parties that will be actually determined by the judicial declaration. Board of Water Eng'rs v.
City of San Antonio, 283 S.W.2d 722, 724 (Tex. 1955). This means that a court may not give
declaratory relief unless its judgment will determine the controversy between the parties; unless
that is the case, the court's judgment will amount to no more than an advisory opinion, which is
beyond the court's power to give. Stated another way, the declaratory judgment statutes were not
intended to give Southwest an opportunity to try the controversy piecemeal. See United Servs.
Life Ins. Co. v. Delaney, 396 S.W.2d 855, 858 (Tex. 1965) (Uniform Declaratory Judgments
Act); Powell v. Estelle, 580 S.W.2d 169, 171 (Tex. Civ. App.--Austin 1979, writ ref'd n.r.e.),
writ dism'd w.o.j., 444 U.S. 892; (APTRA section 12); Wilson v. Grievance Comm., 565 S.W.2d
361, 362-63 (Tex. Civ. App.--Austin 1978, writ ref'd n.r.e.) (APTRA section 12). (2)

 It therefore appears to us that the trial court correctly refused to decide the merits
of Southwest's suit for declaratory and injunctive relief, and correctly dismissed that suit for want
of jurisdiction, after the court had previously decided in the other suit that it lacked subject-matter
jurisdiction to determine Southwest's suit for judicial review of the agency's final order. Indeed,
Southwest had already perfected its appeal from the court's judgment to that effect. The original
object of Southwest's suit for declaratory and injunctive relief was to control the agency
proceeding in which the Authority reached its final order. By continuing to seek trial-court relief
in that regard after the trial court's judgment in review of that order, however, Southwest was
merely attempting to obtain a different judgment, in the same controversy, by way of declaratory
and injunctive relief. This is precisely the kind of piecemeal litigation in which declaratory relief
is not available under our decisions in Powell and Wilson. We hold accordingly and overrule
Southwest's second through seventh points of error.

 What we have said above should be understood as applying only to concurrent
judicial proceedings. We do not have before us a case in which the trial court has rendered a
declaratory judgment while the agency proceeding is yet pending. Such a case would raise
different issues.

 In its first point of error, Southwest contends the district court erred in failing to
file findings of facts and conclusions of law. See Tex. R. Civ. P. 276, 297. A trial court,
however, is not required to make findings of fact and conclusions of law in cases disposed of on
the pleadings. See Kovac v. Hicks, 416 S.W.2d 496, 497 (Tex. Civ. App.--Eastland 1967, writ
ref'd n.r.e.); Southwest Stone Co. v. Railroad Comm'n, 173 S.W.2d 325, 328 (Tex. Civ.
App.--Austin 1943, writ ref'd w.o.m.). We overrule the point of error.

 We affirm the trial-court judgment. 



 

 John Powers, Justice

[Before Justices Powers, Kidd and B. A. Smith]

Affirmed

Filed: August 25, 1993

[Publish]
1. Southwest asserted in its first lawsuit causes of action for declaratory relief under the
Uniform Declaratory Judgments Act, Tex. Civ. Prac. & Rem. Code § 37.003 (West 1986), and
under § 12 of APTRA, to which Southwest appended causes of action for injunctive relief. 
Southwest prayed for the following relief: (1) injunctive relief against the "effectiveness" of
agency rules adopted June 6, 1990, October 29, 1990, and January 16, 1991; (2) injunctive relief
against the Authority's taking action on the franchise applications until such time as the Board was
duly constituted as required by the state constitution and had lawfully adopted its rules after re-publication; (3) declarations that the Texas High-Speed Rail Act and actions of the Authority
thereunder are unconstitutional and void, that the Authority is subject to APTRA in its
proceedings looking to the issuance of a franchise, and that the agency rules adopted on the dates
indicated above are invalid to the extent they conflict with APTRA. Southwest based its prayer
for such relief on the following allegations: (1) the Board was not properly established in
accordance with the state constitution; (2) the Board was not authorized or presently constituted
to receive applications for franchises, conduct hearings thereon, award a franchise, or implement
rules or other procedures regarding such applications or awards; (3) the Authority failed to adopt
its rules in compliance with APTRA; and (4) such rules are therefore invalid and unenforceable.


 Southwest asserted in its second lawsuit, a suit for review of the Authority's final order,
that the order was fatally defective owing to a variety of legal errors. Southwest prayed for
"judgment declaring the actions [and final order of the Authority] null, void, and of no legal force
and effect." Southwest based its prayer for such relief on the following allegations: (1) the
agency proceedings were fundamentally unfair and denied Southwest due process of law because,
among other things, the agency rules specified unreasonably short time periods, Rule 85.503
required an "extraordinary need" before discovery would be permitted, and Rule 85.607(c) denied
agency review of a hearing officer's discovery ruling until after completion of the hearing; (2)
denial of Southwest's discovery request was a violation of APTRA and the constitutional
guarantee of due process of law and an arbitrary and capricious act; (3) the Board violated the
Texas Open Meetings Act, Tex. Rev. Civ. Stat. Ann. art. 6252-17 (West Supp. 1993), by failing
to post proper notice of its meeting; (4) the Authority violated various provisions of APTRA and
its own rules, and its deliberations were infected by ex parte communications; (5) the Board was
not legally constituted; and (6) the Authority's rules were invalid for want of compliance with the
rule-making provisions of APTRA.
2. "It was never the purpose of the Declaratory Judgment Act to allow a case to be tried by
piecemeal." Joseph v. City of Ranger, 188 S.W.2d 1013, 1014-15 (Tex. Civ. App.--Eastland
1945, writ ref'd w.o.m.). Certain counterclaims for declaratory relief may be maintained,
however. See BHP Petroleum v. Millard, 800 S.W.2d 838, 841-42 (Tex. 1990).