The **STATE BAR OF TEXAS**, Appellant,

v.

**David Lee McGEE**, Appellee.

No. 13–96–378–CV.

Court of Appeals of Texas,
Corpus Christi.

April 9, 1998.

Linda Acevedo, Asst. General Counsel, Austin, James A. Ehler, San Antonio, for appellant.

William A. Dudley, Scott T. Cook, Cook, Dudley & Associates, Corpus Christi, for appellee.

Before SEERDEN, C.J., and FEDERICO G. HINOJOSA, Jr. and CHAVEZ, JJ

## OPINION

CHAVEZ, Justice.

This case concerns whether the 93rd District Court of Hidalgo County had jurisdiction over a declaratory judgment action filed by attorney David Lee McGee. The State Bar of Texas initiated internal grievance committee proceedings against McGee in Nueces County in August 1992. On November 5, 1992, McGee filed the declaratory judgment action seeking to have the Hidalgo County court (1) declare that he had a guaranteed right to communicate information to the public regarding his legal services, (2) approve specific advertisements used by McGee, and (3) find that Rules 7.01(a), 7.01(c), and & 7.01(d) of the Texas Disciplinary Rules of Professional Conduct are uncon-

stitutional.[1] On July 2, 1993, the State Bar filed a disciplinary action against McGee in the 319th District Court of Nueces County. In the Hidalgo County court, McGee filed a motion for summary judgment on March 10, 1994 seeking declaration that 1) his television advertisements were not misleading, and 2) rules 7.01(c) and 7.01(d) ("the disclaimer rules") were unconstitutional. Summary judgment was granted, and the State Bar now appeals from that summary judgment.[2]

The State Bar raises two points of error on appeal, both challenging the jurisdiction of the Hidalgo County court. First, the State Bar contends that the Hidalgo County court lacked jurisdiction over the subject matter of McGee's lawsuit because the Nueces County court had exclusive jurisdiction over the allegations against McGee. Second, the State Bar contends that the Hidalgo County court erred in granting summary judgment because (1) no justiciable controversy existed because the State Bar had abandoned its allegation that McGee violated the disclaimer rules at the time the trial judge granted the summary judgment motion, and (2) genuine issues of material fact existed on the issue of whether McGee's advertisements were misleading. We determine that the Hidalgo County court was without jurisdiction to consider McGee's declaratory action, reverse the summary judgment granted by the Hidalgo County court, and render judgment that McGee take nothing.

■ The grievance committee derives its authority from our state legislature. *See* TEX. GOV'T CODE ANN. §§ 81.071 ("Disciplinary Jurisdiction"), 81.072 ("Disciplinary and Disability Procedures") (Vernon Supp.1998); TEX. DISCIPLINARY R. PROF'L CONDUCT 8.05 ("Jurisdiction"), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A (Vernon Supp. 1998) (TEX. STATE BAR R. art. X, § 9); TEX.R. DISCIPLINARY P. 2.01 ("Disciplinary

Districts and Grievance Committee Subdistricts"), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A–1 (Vernon Supp. 1998). As such, the grievance committee is an administrative agency of the judicial branch of our state government, functioning as an arm of the supreme court in the discharge of its professional policing duties. *Galindo v. State,* 535 S.W.2d 923, 925 (Tex. Civ.App.—Corpus Christi 1976, no writ); *see also* 7 TEX. JUR.3D *Attorneys at Law* § 68 (1997). The grievance committee is charged with the task of making an initial determination of whether there is just cause to believe an attorney has committed an act of professional misconduct. TEX.R. DISCIPLINARY P. 2.11, *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A–1 (Vernon Supp.1998).

■ Because the grievance committee is an administrative agency, the doctrine of primary jurisdiction applies to its proceedings. *See generally* 2 TEX. JUR.3D *Administrative Law* § 78 (1995) ("Primary jurisdiction is a judicially created doctrine of abstention, whereby a court that has jurisdiction over a matter nonetheless defers to an administrative agency for an initial decision on questions of fact or law within the peculiar competence of the agency.").

■ In a recent case before this panel, we stated that the doctrine of primary jurisdiction is applicable where there arises a question of jurisdiction as between a court and an administrative agency. *American Pawn and Jewelry, Inc. v. Kayal,* 923 S.W.2d 670, 673 (Tex.App.—Corpus Christi 1996, writ denied). Primary jurisdiction is the principle which determines whether the court or the agency should decide a matter. *Id.* The underlying rationale for the primary jurisdiction doctrine is to ensure that a proper administrative agency will not be bypassed in a matter which has been especially committed to it by the legislature. *Id.*

---

1. Rule 7.01(a) contained a prohibition against advertisements that were false or misleading, and rules 7.01(c) and 7.01(d) required the display of certain disclaimers on attorney advertisements. The rules complained of by McGee have been amended and renumbered since 1992. The current rule concerning attorney advertising is rule 7.04. *See* TEX. DISCIPLINARY R. PROF'L CONDUCT 7.04, *reprinted in* TEX. GOV'T CODE ANN., tit. 2,

subtit. G app. A (Vernon Supp.1998) (TEX. STATE BAR R. art. X, § 9).

2. This appeal arises from the same case in which we have previously ordered the vacation of a temporary injunction obtained by McGee. *See* *State Bar v. McGee,* 897 S.W.2d 437 (Tex.App.— Corpus Christi 1995, writ dism'd).

■ The test for applying the principle of primary jurisdiction is not whether some parts of the case are within the exclusive jurisdiction of the courts, but whether some parts of the case are within the exclusive jurisdiction of the agency. *Foree v. Crown Central Petroleum Corp.*, 431 S.W.2d 312, 316 (Tex.1968). Because the purpose of the doctrine is to assure that the agency will not be bypassed on what is especially committed to it, and because resort to the courts is still open after the agency has acted, the doctrine applies even if the agency is powerless to grant the relief sought, but does have authority to make incidental findings necessary to the granting of relief in a later judicial action. *American Pawn*, 923 S.W.2d at 674 (citing *Foree*, 431 S.W.2d at 316). As the Supreme Court of Texas has noted, the doctrine was applied in *Thompson v. Texas Mexican Railway Co.*, 328 U.S. 134, 66 S.Ct. 937, 90 L.Ed. 1132 (1946), even though the suit was for damages and even though the administrative body could not award damages. *Foree*, 431 S.W.2d at 316. Here, in determining whether the grievance committee has primary jurisdiction, we must consider whether any part of this suit is within the exclusive jurisdiction of the administrative body. *See, e.g., American Pawn*, 923 S.W.2d at 674. We find that at least one aspect of this case falls squarely within the grievance committee's exclusive jurisdiction.

■ This suit stems from McGee's television and billboard advertisements, which subject him to the disciplinary jurisdiction of the Supreme Court of Texas and its organs. TEX. DISCIPLINARY R. PROF'L CONDUCT 7.04 ("Advertisements in the Public Media"), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A (Vernon Supp.1998) (TEX. STATE BAR R. art. X, § 9). We determine that, once the grievance committee of the State Bar convened, the issues related to McGee's advertisements were in the primary jurisdiction of the grievance committee because the Supreme Court of Texas (and its authorized subdivisions) has exclusive jurisdiction in our state government to initiate lawyer disciplinary proceedings. *See* TEX.R. DISCIPLINARY P. 1.02 ("Objective of the Rules"), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A-1 (Vernon Supp.

1998) ("These rules establish the procedures to be used in the professional disciplinary and disability system for attorneys in the State of Texas."); TEX.R. DISCIPLINARY P., *Preamble, reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A-1 (Vernon Supp.1998) ("The Supreme Court of Texas has the constitutional and statutory responsibility within the State for the lawyer discipline and disability system[.]").

■ Because the doctrine of primary jurisdiction is prudential rather than jurisdictional, the appropriate standard of review is to ascertain whether the trial court abused its discretion in assuming jurisdiction. *Shell Pipeline Corp. v. Coastal States Trading, Inc.*, 788 S.W.2d 837, 842 (Tex.App.—Houston [1st Dist.] 1990, writ denied); *see also* 2 TEX. JUR.3D *Administrative Law* § 78 (1995). Abuse of discretion is present when the trial court acted in an unreasonable or arbitrary manner. *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex.1991). Based on the rules and principles set forth above, as well as our prior opinion in this case, we believe the trial court had no discretion to exercise jurisdiction over the declaratory judgment action while primary jurisidiction lied with the State Bar's internal proceedings in Nueces County.

■ However, as previously noted, the doctrine of primary jurisdiction determines whether a court or an agency should make the *initial decision. American Pawn*, 923 S.W.2d at 673; *Lake Country Estates, Inc. v. Toman*, 624 S.W.2d 677, 680 (Tex.App.—Fort Worth 1981, writ ref'd n.r.e.); *D & S Inv., Inc. v. Mouer*, 521 S.W.2d 118, 120 (Tex.Civ.App.—Austin 1975, writ ref'd n.r.e.). In this case, the State Bar's filing of its disciplinary action with the district court of Nueces County indicated that it had made its initial decision. Therefore, the doctrine of primary jurisdiction only barred the declaratory judgment up until July 2, 1993, the date the State Bar filed the disciplinary action in Nueces County. We next consider whether the Hidalgo County court had jurisdiction over the declaratory judgment action after the State Bar filed the disciplinary action in Nueces County.

A declaratory judgment may be sought by one whose rights, status, or other legal relations are affected by a statute. TEX. CIV. PRAC. & REM.CODE ANN. § 37.004 (Vernon 1997). However, as a general rule, an action for declaratory judgment will not be entertained if there is pending, at the time it is filed, another action or proceeding between the same parties and in which may be adjudicated the issues involved in the declaratory action. *Texas Liquor Control Bd. v. Canyon Creek Land Corp.,* 456 S.W.2d 891, 895 (Tex.1970); *accord BHP Petroleum Co. v. Millard,* 800 S.W.2d 838, 841 (Tex.1990).

From July 2, 1993 onward, the Nueces County disciplinary action was pending. The Nueces County case represented another proceeding between the same parties wherein McGee could have sought adjudication of the issues involved in the declaratory action. Therefore, the Hidalgo County court was without jurisidiction to consider McGee's petition for declaratory judgment. *BHP Petroleum,* 800 S.W.2d at 841; *Canyon Creek,* 456 S.W.2d at 891.

The case of *Wilson v. Grievance Committee for the State Bar District Number 3–A, et al.,* 565 S.W.2d 361 (Tex.Civ.App.—Austin 1978, writ ref'd n.r.e.) is almost exactly on point with the case before us. In *Wilson,* the State Bar commenced disciplinary proceedings against Wilson in a district court in Jefferson County. Wilson sought a declaratory judgment from a district court in Travis County that the State Bar's disciplinary proceedings were subject to the Administrative Procedure and Texas Register Act, and that the State Bar had failed to comply with that act in its proceedings against him. The Austin Court of Appeals held that the Travis County court was without jurisdiction to consider the declaratory judgment action, and Wilson would have to make his arguments in the Jefferson County proceeding. *Wilson,* 565 S.W.2d at 362–63.

Furthermore, when a statute provides for review of agency proceedings by a particular district court, a declaratory judgment action brought in another district court may not be maintained because the other district court lacks jurisdiction. *Grounds v. Tolar Indep. Sch. Dist.,* 707 S.W.2d 889, 892 (Tex.1986). A party must exhaust administrative remedies, including seeking review before the proper district court, before seeking declaratory judgment on the subject matter of the agency proceedings from a district court in another venue. *Id.*

Under Texas Rule of Disciplinary Procedure 2.14, an attorney may seek de novo review of the complaint against him from a "district court of proper venue." TEX.R. DISCIPLINARY P. 2.14, *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A–1 (Vernon Supp.1998). Rule 3.03 provides that the proper venue for a trial de novo in the district court is the county of the attorney's principal place of practice. TEX.R. DISCIPLINARY P. 3.03, *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A–1 (Vernon Supp.1998). The county of McGee's principal place of practice was Nueces County. We hold that, under rules 2.14 and 3.03 and the Supreme Court's holding in *Grounds,* Nueces County was the proper venue for district court review of the complaint against McGee.

For the reasons stated above, we hold that the Hidalgo County court was without jurisdiction over the declaratory action brought by McGee. The first point of error is sustained, obviating the need to address the State Bar's second point of error. TEX. R.APP. P. 47.1. Accordingly, the order granting McGee's motion for summary judgment is REVERSED, and we RENDER a take-nothing judgment in favor of the State Bar.