**Flora DIAZ, Tina Wakefield, and Marian Taylor, on behalf of themselves and all others similarly situated, Plaintiffs,**

v.

**HILLSBOROUGH COUNTY HOSPITAL AUTHORITY, d/b/a Tampa General Hospital, et al., Defendants.**

No. 90–120–CIV–T–25B.

United States District Court, M.D. Florida, Tampa Division.

March 27, 1996.

Stephen Forcey Hanlon, Holland & Knight, Tampa, FL, Elizabeth Lewis Bevington, Holland & Knight, Tallahassee, FL, for Flora Diaz.

Ronald L. Harrop, Gurney & Handley, P.A., Orlando, FL, Joline Miceli–Mullen, University of South Florida, Office of the General Counsel, Tampa, FL, for Florida Board of Reg., Walter J. Morales, Jeffrey L. Angel, Richard Streeter and Alan Root.

Michael Neil Brown, Allen, Dell, Frank & Trinkle, Tampa, FL, for Hillsborough County Raul Otero and Jeffrey L. Miller.

## ORDER

ADAMS, District Judge.

THIS CAUSE is before the Court on Plaintiffs' Motion for Class Certification (Dkt. 247) to which Defendants have voiced their strong opposition (Dkts. 252, 253). Upon review of the pleadings and the attachments thereto, the Court concludes that class certification is appropriate for the reasons set forth below.

■■■ The task of determining if class action certification is appropriate, requires on one hand, that the court conduct a rigorous analysis before certification. *General Tel Co. of the Southwest v. Falcon,* 457 U.S. 147, 160–61, 102 S.Ct. 2364, 2372, 72 L.Ed.2d 740 (1982). However, on the other hand, the Court is precluded from conducting an inquiry on the merits at this early stage in the proceedings. *Washington v. Brown & Williamson Tobacco Corp.,* 959 F.2d 1566, 1569 n. 11 (11th Cir.1992) citing *Nelson v. United States Steel Corp.,* 709 F.2d 675, 679–80 (11th Cir.1983); *Krueger v. New York Tel. Co.,* 163 F.R.D. 433, 438 (S.D.N.Y.1995) (stating "court should not resolve any material factual disputes in the process of determining whether plaintiffs have provided a reasonable basis for their assertions") (citation omitted).

This Court is mindful of the Supreme Court's warning in *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974) that "tentative findings made in the absence of established safeguards, may color the subsequent proceedings and place an unfair burden on the defendant." *Id.* at 179, 94 S.Ct. at 2153. Accordingly, the Court's decision to certify a class in this cause should not be viewed as a prediction that Plaintiffs will ultimately prevail on the merits of their action, but simply that they have met their burden of establishing the requirements for class certification pursuant to Fed.R.Civ.P. 23.

## I. FACTS

Defendant Doctors Morales, and Angel conducted a series of research projects in which they sought to determine whether a combination of drugs would speed the lung development in fetuses which were at risk of being delivered prematurely. At the time data was gathered for the projects, Drs. Morales and Angel were employed by the medical school at the University of South Florida ("USF"). As USF doctors, they treated patients at Tampa General Hospital ("TGH") pursuant to an agreement between USF and the Hillsborough County Hospital Authority.

Prior to conducting their research, Drs. Morales and Angel submitted their proposed research protocol for review by both TGH's Institutional Review Board ("IRB") and USF's IRB. Both IRBs approved the protocol and Drs. Morales and Angel began collecting the data for their research project from patients at TGH. Plaintiffs claim that Drs. Morales and Angel, and other individuals who assisted them in this project, failed to properly obtain their consent to participate in the experiment.

The complaint alleges several acts and omissions which support the basic allegation that Drs. Morales and Angel failed to obtain informed consent from the pregnant women enrolled in their research project. Those allegations are supported by the depositions and other materials appended to Plaintiffs' reply. Plaintiffs claim that the remainder of Defendants had a role in supervising or monitoring the medical experiments at issue in this cause.

## II. CLASS CERTIFICATION

Plaintiffs seek to have a class certified pursuant to Fed.R.Civ.P. 23(b)(2) and 23(b)(3), "on behalf of themselves and on behalf of all pregnant women subjected by Defendants to experimentation without informed consent."

■■■ To obtain class certification, Plaintiffs must demonstrate that they meet the general class certification requirements set forth in Fed.R.Civ.P. 23(a). *Washington v. Brown & Williamson Tobacco Corp.,* 959 F.2d 1566, 1569 (11th Cir.1992). Those requirements are commonly referred to as (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. After determining that these prerequisites have been met, the Court must then determine

which, if any, form of class action is appropriate pursuant to Rule 23(b).

## A. Rule 23(a) Prerequisites to a Class Action

### 1. Numerosity:

▮ The number of pregnant women known to have been subject to experimentation by the Defendants is sufficiently large to make joinder of all putative class members impracticable. *Powers v. Stuart–James Co., Inc.*, 707 F.Supp. 499, 502 (M.D.Fla.1989). For example, 383 women participated in the study upon which Plaintiffs initially brought suit.[1] The published findings of additional studies conducted by Drs. Morales and Angel report a total of 421 participants.[2]

Defendants contend that Plaintiffs do not meet the numerosity requirement because they have not demonstrated how many class members did not understand the informed consent process. This reasoning fails in two respects. Defendants set an impossible standard, if Plaintiffs are unable to ascertain the identity of the study participants in the absence of class certification, they cannot take the discovery necessary to make such a showing. Further, it ignores Plaintiffs' basic allegation that the consent process was so fundamentally flawed that no informed consent could have been given.

In its arguments against numerosity, Defendants assert that Plaintiffs have not sufficiently proffered, with regards to the other studies, the following: "the consent form utilized, the consent form process, the number of patients involved, the fact that *anyone* has objected to the other studies, the fact that anyone's civil rights were violated, the fact that anyone was confused or did not receive adequate information regarding those studies, or whether the information provided to the patients of other studies was understandable to them."

▮ The fact that other experiment participants have not come forward does not limit this Court's ability to certify a class. Also, the fact that a large number of potential class members are satisfied with the status quo, or are unwilling to come forward, cannot defeat class certification. *Bremiller v. Cleveland Psychiatric Inst.*, 898 F.Supp. 572, 577 (N.D.Ohio 1995) citing *Dawes v. Philadelphia Gas Comm.*, 421 F.Supp. 806 (E.D.Pa.1976)). Indeed, it is likely that most putative class members are entirely unaware of their potential claims.

### 2. Commonality:

▮ Questions of fact and law common to the class predominate over the diversity of individual damage claims. For example, whether the *procedures* Defendants used to enroll women in the experiments violated their constitutional rights is a core issue distinct from whether any one individual relied on the consent document or physically suffered harm as a result of her participation in the study. *See, e.g., Kennedy v. Tallant*, 710 F.2d 711, 717 (11th Cir.1983).

▮ Defendants argue that commonality is defeated because of the vast variety of circumstances involved in obtaining each participant's consent. This argument would have the Court overlook Plaintiffs claim that "their constitutional rights to privacy, human dignity and autonomy were violated by doctors who, because of their ignorance, were unable to obtain informed consent to biomedical research." Again, at the class certification stage, Plaintiffs need only make a showing sufficient for the Court to infer that class members suffered from a common policy. "Rule 23 does not require that *all* the questions of law and fact raised by the dispute be common." *Cox v. American Cast Iron Pipe Co.*, 784 F.2d at 1557 (emphasis added).

▮ Clearly not all aspects of this case present common issues. To the extent that Plaintiffs seek damages, they present unique

---

1. All three named Plaintiffs were enrolled in the "TRH Study" formally known as, *Total Lung Maturation: the Combined Use of Corticosteroids and Thyrotropin–Releasing Hormone.*

2. The studies cited here are: *Efficacy and Safety of Indomethacin Versus Ritodrine in the Management of Preterm Labor; Use of Ampicillin and Corticosteroids in Premature Rupture of Membranes; A Randomized Study of Antibiotic Therapy in Idiopathic Preterm Labor.*

issues. However, "the mere fact that questions peculiar to each individual member of the class remain after the common questions of the defendant's liability have been resolved does not dictate the conclusion that a class action is impermissible." *Bremiller v. Cleveland Psychiatric Institute,* 898 F.Supp. 572, 578 (N.D.Ohio 1995) (citing *Sterling v. Velsicol,* 855 F.2d 1188, 1197 (6th Cir.1988)).

The Court therefore concludes that Plaintiffs have met the commonality requirement in that their complaint raises questions of law and fact common to the entire class.

### 3. Typicality:

■■■■■ Plaintiffs' claims are typical of the class where, as here, their claims "arise from the same event or pattern or practice and are based on the same legal theory" as the claims of the class. *Kornberg v. Carnival Cruise Lines, Inc.,* 741 F.2d 1332, 1337 (11th Cir.1984), *cert. denied,* 470 U.S. 1004, 105 S.Ct. 1357, 84 L.Ed.2d 379 (1985). There is no requirement that the named plaintiffs each personally experience every difficulty outlined in the complaint. Rather, it is sufficient that the claims of the named Plaintiffs are substantially similar to the claims of the class. *Appleyard v. Wallace,* 754 F.2d 955, 958 (11th Cir.1985); *Binion v. Metropolitan Pier and Exposition Authority,* 163 F.R.D. 517, 525 (N.D.Ill.1995).

The fact that the named Plaintiffs do not intend to have more children does not preclude them from being typical class members. Plaintiffs accurately note that women may become pregnant despite their desire not to. The Court finds Defendants' citations to cases denying class certification in cases involving medical treatment inapposite. The named Plaintiffs are typical of the class in that they allege that they were requested to consent to medical experimentation under adverse conditions and without adequate information.

### 4. Adequacy of Representation:

■■■■■ The final prerequisite to class certification is adequacy of representation. Prior to certifying a class, the Court must determine that Plaintiffs' counsel are qualified, experienced, and generally able to conduct the litigation. The Court must also determine that Plaintiffs are adequate representatives of the class, and do not have interests antagonistic to the rest of the class. *Griffin v. Carlin,* 755 F.2d 1516, 1533 (11th Cir.1985) (citing *Johnson v. Georgia Highway Express, Inc.,* 417 F.2d 1122, 1125 (5th Cir.1969)).

The Court is satisfied that Plaintiffs' counsel possess the qualifications, experience and abilities necessary for an undertaking of this magnitude. The Court likewise finds that the named Plaintiffs adequately represent the interests of the rest of the class. Defendants' attempt to portray the interests of the named Plaintiffs as antagonistic to the putative Plaintiffs' interest is unpersuasive. There is no evidence that the named Plaintiffs seek to publicize confidential medical details of putative class members "to the world." Rather they seek access to such material in order to determine whether those women were improperly subjected to medical experimentation and whether they suffered damages as a result.

Without determination as to the likelihood of success on the merits, the Court finds that Plaintiffs have sufficiently shown entitlement to class certification. *See, Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 177–78, 94 S.Ct. 2140, 2152–53, 40 L.Ed.2d 732 (1974); *Nelson v. U.S. Steel Corp.,* 709 F.2d 675, 679–80 (11th Cir.1983).

## II. Rule 23(b)(2) and (3): Form of Class Action Maintainable

■■■■■ Having met the prerequisite showing for the maintenance of a class action, Plaintiffs are required to establish that this action falls within the categories identified in Fed.R.Civ.P. Rule 23(b). Plaintiffs suggest, and the Court concurs, that certification should be made under both 23(b)(2) and (3).

An action is maintainable under 23(b)(2) when the plaintiff alleges that the defendant has "acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole...." Fed.R.Civ.P.

Rule 23(b)(2). The requirement that the defendant act on grounds generally applicable to the 23(b)(2) class is encompassed in the commonality requirement of Rule 23(a). *Harriss v. Pan American World Airways, Inc.,* 74 F.R.D. 24, 45–46 (N.D.Cal.1977). Having previously found that the commonality requirement was met, the Court now finds that Plaintiffs have satisfactorily alleged that Defendants acted on grounds generally applicable to the class.

Defendants oppose certification of a (b)(2) class on the grounds that the issues of causation and damages must be considered individually, and therefore predominate over the common claims for injunctive and declaratory relief. Plaintiffs' demand for injunctive relief from Defendants alleged failure to refrain from or prevent others from violating their constitutional rights makes Rule 23(b)(2) certification appropriate. Plaintiffs have alleged in their complaint that Defendants' method of enrolling pregnant women in research projects was defective. The method of enrollment affected the entire class of women solicited to participate in these research projects. If Plaintiffs' allegations are proven, Defendants acted on grounds generally applicable to the class.

Likewise, Plaintiffs have demonstrated that their action should be certified as a 23(b)(3) class. The Court has previously held that common issues of fact and law predominate over individual issues. The Court further finds that resolving this matter as a class action is the superior method for fair and efficient adjudication of Defendants liability.

▮ Borrowing a concept from the Title VII context, the Court finds that a hybrid Rule 23(b)(2) class is the appropriate mechanism for the resolution of this case. This procedure was approved by the Eleventh Circuit for Title VII litigation in *Cox v. American Cast Iron Pipe Co.,* 784 F.2d 1546 (11th Cir.1986). A hybrid class consists of two stages. In Stage I, the Court resolves the issue of liability under the procedures of Rule 23(b)(2), and the issue of damages is resolved in Stage II using the "opt out" procedures established for Rule 23(b)(3) actions. *Id.*

In Stage I, class members cannot "opt out" of the class action in order to pursue their own remedies, hence Defendants will not be subject to multiple trials and inconsistent adjudications.[3] If liability is established in Stage I, the case will progress to a Stage II proceeding to determine the damages, if any, that individual class members are entitled to recover. Such an individualized determination will protect the interests of all class members. At this time the Court has not determined what means it will employ to efficiently resolve Stage II claims.

It is therefore **ORDERED:**

1. Plaintiffs' Motion for Class Certification (Dkt. 248) is **GRANTED** and the Plaintiff class is certified under 23(b)(2) and 23(b)(3) to include all pregnant women, who since November, 1986 have been, are now, or will be in the future subjected to medical experimentation at Tampa General Hospital.

2. Plaintiffs are directed to prepare for the Court's review, a notice to class members and a time line for the preparation and mailing of notices and processing of responses. The notice and time line must be submitted within 30 days of the date of this order.

3. Plaintiffs' Motion to Expedite Ruling for Class Certification (Dkt. 265) is GRANTED.

DONE and ORDERED at Tampa, Florida, this 27th day of March, 1996.

▮

---

**3.** In stating that class members cannot opt out of Stage I, the Court does not mean to suggest that they will be forced to participate in the prosecution of this action.