In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-01-368 CV


____________________



COMPAQ COMPUTER CORPORATION, Appellant



V.



HAL LAPRAY, TRACY D. WILSON, JR.,


ALISHA SEALE OWENS, Appellees






On Appeal from the 60th District Court


Jefferson County, Texas


Trial Cause No. A-162,152






MEMORANDUM TO CLERK


 You are directed to make the following corrections in the opinion dated June 20,
2002:

 On page 4, in the second sentence of the first paragraph, change the word cause to
caused.

 On page 18, in the fifth sentence of the first paragraph, change the case name
Ethhicon to Ethicon.

 You will give notice of the corrections of the original opinion by sending a copy of
corrected pages 4 and 18, accompanied by this memorandum, to all interested parties who
received a copy of the original opinion.

 Entered this the 12th day of September, 2002.

 PER CURIAM







In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-01-368 CV


____________________



COMPAQ COMPUTER CORPORATION, Appellant



V.



HAL LAPRAY, TRACY D. WILSON, JR.,


ALISHA SEALE OWENS, Appellees






On Appeal from the 60th District Court


Jefferson County, Texas


Trial Cause No. A-162,152






O P I N I O N


 Hal LaPray, Tracy D. Wilson, Jr., and Alisha Seale Owens (plaintiffs/appellees)
filed suit on behalf of themselves and all others similarly situated against Compaq
Computer Corporation. The suit alleges computers sold or manufactured by Compaq
incorporate a defective floppy disk controller (FDC). The suit expressly "does not seek
claims for consequential damage as the result of the actual loss or corruption of data." 
Plaintiffs only causes of action are (1) declaratory judgment; (2) breach of contract; and
(3) breach of express warranty. 

 In their petition, plaintiffs sought, and were granted, certification of a class defined
as themselves and all private (1) purchasers of certain Compaq computers. (2) In its order, the
trial court made findings of fact and conclusions of law and incorporated a trial plan. The
trial court found class certification proper under both Tex. R. Civ. P. 42(b)(2) and
42(b)(4). The trial court declared:

 First and predominately, under TRCP 42(b)(2) the Court certifies the
counts for declaratory relief which, if granted, would lead to enforcement of
the remedies permitted by the written warranty (of repair, replacement or
refund.)

 The Court also separately certifies under TRCP 42(b)(2) the counts
for declaratory relief and breach of warranty that Compaq argues could
become a predicate for monetary damages outside the four corners of the
written warranty (money damages for, alternatively, breach by sale and
breach by failure to repair).


The trial court then found it was also appropriate to certify a class for damages under Rule
42(b)(4). Compaq appeals raising ten issues. (3)

 In its first two issues, Compaq contends the trial court abused its discretion in
certifying the mandatory class for declaratory relief pursuant to Tex. R. Civ. P. 42(b)(2). 
Compaq first argues the trial court's order ignored established Texas law in certifying a
mandatory class for declaratory relief. This argument has two grounds: 1) Plaintiffs'
claims for damages preclude their request for declaratory relief; and 2) the certification
order results in an impermissible advisory opinion that would give rise to piecemeal
litigation. Next, Compaq argues the trial court erroneously held that a damages class can
be certified under Tex. R. Civ. P. 42(b)(2).

 In support of its first ground, Compaq cites Koch Oil Co. v. Wilber, 895 S.W.2d
854 (Tex. App.--Beaumont 1995, writ denied), Tucker v. Graham, 878 S.W.2d 681 (Tex.
App.--Eastland 1994, no writ), Boatman v. Lites, 970 S.W.2d 41 (Tex. App.--Tyler 1998,
no pet.), and Universal Printing Co., v. Premier Victorian Homes, Inc., 2001 WL 170964
(Tex. App.--Houston [1st Dist.] February 22, 2001, no pet.). Compaq relies on Koch, for
its assertion that Texas law prohibits bringing a declaratory judgment action "to settle
issues and rights of parties in a pending suit." Koch Oil, 895 S.W.2d at 866. In Koch,
this court noted that it was in appellees' eighth amended original petition wherein they
sought declaratory judgment on issues that were central to appellees' case-in-chief;
therefore, seeking declaratory relief was improper. Id. at 866. In Koch "[p]laintiffs'
original suit fully covered these issues and request for declaratory judgment presented no
new controversies." Id.

 Similarly in Tucker, 878 S.W.2d at 682, the court found plaintiffs' original petition
sought monetary damages for damage caused by Tucker's dam, the removal of the dam,
and attorney's fees. Plaintiffs' alleged a cause of action for violation of Section 11.086
of the Water Code based on the nuisance (the dam) constructed by Tucker. Id. at 683. 
The court noted, "[t]his was a mature cause of action that could be enforced. Plaintiffs'
declaratory judgment action involved the same parties and the same issue as in the statutory
cause of action and was not appropriate." Id. 

 In Boatman, plaintiffs' original petition alleged the Boatmans negligently diverted
the natural flow of water from their land. Boatman, 970 S.W.2d at 42. The court rejected
both of plaintiffs' bases for declaratory relief. Id. at 43. First, plaintiffs claimed there
was a need for the court to determine the rights of the parties under the property deeds. 
The court noted the ownership of the property was never at issue. Id. Second, plaintiffs
asserted there was a need for the court to determine the parties' rights under section 11.086
of the Texas Water Code. Id. The court observed the "declaratory judgment action
requested no greater or different relief than the claim for damages resulting from
negligence and the violation of [section] 11.086." Id. 

 In Universal Printing, a homebuilder sued neighboring homeowners to prevent them
from blocking an alley. Universal Printing, 2001 WL 170964 at *1. In that case, the
court upheld the declaratory judgment. Id., at *10-12. While the live pleadings for the
homeowners no longer asserted ownership, some of the homeowners had filed affidavits
of adverse possession in the public records and those affidavits had not been revoked. Id.
at *11. Also, some homeowners continued to testify at trial that they owned the alley. Id. 
The court found declaratory relief was appropriate due to the affidavits in the deed records
and the continued insistence of ownership. Id. at *12.

 None of these cases found declaratory relief improper on the basis intimated by
Compaq - because plaintiffs sought damages. Rather, in Koch and Tucker it was because
the declaratory judgment was sought on issues which had previously been presented in the
suit. Here, plaintiffs sought declaratory relief in their original petition. In Boatman, the
court noted:

 The Declaratory Judgments Act provides that a person interested under a
deed or other writing constituting a contract may have the court determine
any question of construction or validity arising under the instrument and
obtain a declaration of rights, status, or other legal relations under it. In
addition, a person whose rights, status, or other legal relations are affected
by a statute may have the court determine any question of construction or
validity arising under the statute and obtain a declaration thereunder. The
Act provides a procedural method for deciding the validity or proper
construction of a written instrument or a statute. A declaratory judgment
should not be rendered when there is no claim that a statute or a deed is
ambiguous or invalid.


970 S.W.2d at 42-43 (footnotes omitted). The court then found the plaintiffs were seeking
no such determination or decision. Id. at 43. In the present case, plaintiffs seek a
construction of the warranty at issue and a declaration of their rights under that warranty. 
In Universal Printing, 2001 WL 170964 at *12, 14, the declaratory relief was not only
upheld, but plaintiffs were awarded $10,000 for actual damages. We are unpersuaded by
these cases that plaintiffs' claims for damages necessarily preclude their request for
declaratory relief.

 Next, Compaq claims the trial court's certification order "contravenes Texas'
prohibition on rendering advisory opinions and piecemeal litigation." The cases cited by
Compaq in support of this claim are inapposite to the case at bar. 

 In Space Master International, Inc. v. Porta-Kamp Manufacturing. Co., 794
S.W.2d 944, 948 (Tex. App.--Houston [1st Dist.] 1990, no writ), the court affirmed the
trial court's dismissal of Space Master's suit for declaratory judgment. Space Master
conceded the suit for declaratory judgment involved the same parties and issues as
proceedings then pending in a New Jersey state court and a Massachusetts federal court. 
Id. The court's pronouncement against "piecemeal" litigation was made in the context of
multiple litigations, not a bifurcated class action. Id. at 947.

 Likewise, in Southwest Airlines Co. v. Texas High-Speed Rail Authority, 863
S.W.2d 123 (Tex. App.--Austin 1993, writ denied), the court affirmed the trial court's
dismissal of Southwest's suit for declaratory and injunctive relief for want of jurisdiction. 
Southwest's first suit had failed for lack of subject-matter jurisdiction. Id. at 125-26. The
court found "Southwest was merely attempting to obtain a different judgment, in the same
controversy, by way of declaratory and injunctive relief. This is precisely the kind of
piecemeal litigation in which declaratory relief is not available. . . ." Id. at 126.

 Similarly, in Marlow v. American Suzuki Motor Corp., 584 N.E.2d 345, 350 (Ill.
App. Ct. 1991), the "impermissible piecemeal litigation" entailed more than one action, 
not a single class action to be tried in multiple stages.

 Compaq cites Paulsen v. Texas Equal Access to Justice Foundation, 23 S.W.3d 42,
45 (Tex. App.--Austin 1999, writ dism'd) and California Products, Inc. v. Puretex Lemon
Juice, Inc., 160 Tex. 586, 334 S.W.2d 780, 782 (1960), for the general ban on advisory
opinions. In both those cases, the court held there was no justiciable controversy. 
Compaq does not contend there is no justiciable controversy in the case at bar.

 Compaq does not address the cases recognizing the appropriateness of "hybrid"
classes in certain cases. See TCI Cablevision of Dallas, Inc. v. Owens, 8 S.W.3d 837, 848
(Tex. App.--Beaumont 2000, writ dism'd by agr.); Ford Motor Co., Inc. v. Sheldon, 965
S.W.2d 65, 68 (Tex. App.--Austin 1998) rev'd on other grounds, 22 S.W.3d 444 (Tex.
2000); (4) Microsoft Corp. v. Manning, 914 S.W.2d 602, 610 (Tex. App.--Texarkana 1995,
writ dism'd); and Diaz v. Hillsborough County Hosp. Auth., 165 F.R.D. 689, 694-95
(M.D. Fla. 1996). Although Bernal was decided after our decision in TCI Cablevision,
it did not decide the efficacy of the lower court's trial plan. See Southwestern Ref. Co. v.
Bernal, 22 S.W.3d 425, 439 (Tex. 2000). We are aware of no authority, and Compaq
cites none, supporting Compaq's contention that conducting a class action in such a
manner, by itself, renders the declaratory judgment "advisory" or results in "piecemeal
litigation." 

 Further, Compaq argues the trial court's order "contravenes the firmly established
rule that 'where the damage has already occurred, use of the Declaratory Judgments Act
is plainly inappropriate.'" Small v. Sussman, No. 94 C 5200, 1995 U.S. Dist. LEXIS
4352, at *46 (N.D. Ill. Apr. 3, 1995). Citing Sussman, Cunningham Brothers, Inc. v.
Bail, 407 F.2d 1165 (7th Cir. 1969), and Hoagy Wrecker Service v. City of Ft. Wayne, 776
F.Supp. 1350 (N.D. Ind. 1991), Compaq claims the plaintiffs' damages have already
accrued and therefore declaratory relief cannot serve as a predicate for class certification. 
 The court in Sussman granted defendants' motion to dismiss plaintiff's complaint
for failure to state a claim. Sussman, 1995 U.S. Dist. LEXIS 4352, at *1. In doing so,
the court noted "[a]ny relief that Plaintiff may be able to obtain at this late stage will be
in the form of damages alone." Id., at *45-46. Hoagy Wrecker Service, 776 F.Supp. at
1359, was an appeal from a dismissal for failure to state a claim under 42 U.S.C.S. §
1983. A declaration was sought that the City's bidding procedure was improperly
conducted in 1988. Id. The court found because the plaintiff could have sought relief by
way of damages, the action was barred by limitations. Id. 

 Neither Sussman nor Hoagy Wrecker Service concerned an appeal from a class
certification. Further, unlike the plaintiff in Sussman, damages are not the only relief
plaintiffs may obtain in this case. Plaintiffs seek relief under the warranty to repair,
replace, or refund; damages are sought only in the event of a breach. While the plaintiff
in Hoagy Wrecker Service had the option of seeking damages, here the warranty expressly
excludes seeking relief by way of damages.

 In Cunningham Brothers, 407 F.2d at 1168, the court affirmed the dismissal of a
complaint on the basis that it is not one of the purposes of the declaratory judgment acts
to allow a prospective negligence action defendant to obtain a declaration of non-liability. 
Not only is Cunningham utterly dissimilar to the present case, the Supreme Court of Texas
in Abor v. Black, 695 S.W.2d 564, 566 (Tex. 1985), expressly declines to follow
Cunningham. Compaq fails to cite Abor and therefore provides no argument as to why we
should follow Cunningham instead. 

 Compaq cites no Texas cases adopting or applying this "firmly established rule."
Compaq cites cases where the plaintiff's complaint was dismissed for failure to state a
claim and cites no case where this rule was used to decertify a class. If Compaq believes
the class has no cause of action, there are mechanisms to resolve that issue. See Tex. R.
Civ. P. 91, 166a. "Decertification of the class, however, is not the appropriate procedural
tool." Employers Cas. Co. v. Tex. Ass'n of Sch. Bds. Workers' Comp. Self-Ins. Fund, 886
S.W.2d 470, 477 (Tex. App.--Austin 1994, writ dism'd w.o.j.).

 Lastly, Compaq claims plaintiffs failed to establish the prerequisite under Rule
42(b)(2) to maintain a class action. Compaq contends the record does not support the trial
court's finding that it "has acted or refused to act on grounds generally applicable to the
class." Tex. R. Civ. P. 42(b)(2). According to Compaq, the trial court's finding is based
upon its erroneous position that Compaq "does not deny" it has acted or refused to act.
The trial court made other findings, namely: 


 "Compaq denies that its FDC is defective."
 "Compaq denies that class members are entitled to any remedies or, alternatively,
that SOFTPAQ 13456 addresses any issues with the FDC."
 "The crux of this dispute comes down to whether or not the FDC is defective. This
point has been made time and time again by Compaq's lawyers and Compaq's
witnesses. Unless there is a judgment that the FDC is defective, Compaq will not
provide any remedy, regardless of the type and manner of notice and opportunity
to cure."
 "Plaintiffs contend that Compaq has not yet provided the limited remedies that are
expressly afforded by Compaq's Limited Warranty."


Compaq does not challenge these findings. Accordingly, we reject Compaq's claim that
there is no evidence in the record to support the trial court's determination.

 Compaq further contests the trial court's finding that declaratory relief is
appropriate. See Tex. R. Civ. P. 42(b)(2). Compaq asserts that because plaintiffs' sole
remaining claim is for breach of express warranty, and the remedy for breach of warranty
is damages, this suit is really only about damages. The trial court made extensive findings
to the contrary and more than adequately set forth its rationale regarding the
appropriateness of declaratory relief in this case. Compaq does not attack the trial court's
findings or conclusions; rather Compaq insists only that the claim for declaratory relief is
a sham. The trial court found otherwise and absent a showing that the record demonstrates
an abuse of discretion, we will not disturb that finding. Also, while we can appreciate
Compaq's views on hybrid classes, they are not binding upon this court. To the contrary,
our decision in TCI Cablevision, 8 S.W.3d at 837, is binding precedent and we decline to
disavow it.

 Furthermore, the certification order expressly states the trial court's belief that
should the FDC be found defective, Compaq will honor the warranty. Based on the
court's order, it would appear that Compaq's specter of damages from breach of warranty
will arise only if Compaq chooses not to honor the warranty. We do not assume that
Compaq's certainty of damages indicates an intent to breach, but we cannot say the trial
court abused its discretion in finding declaratory relief appropriate because it presumes
Compaq will not breach. Having rejected all of Compaq's arguments under issues one and
two, those issues are overruled.

 In its third issue, Compaq claims the trial plan set forth in the certification order
violates Southwestern Refining Co. v. Bernal, 22 S.W.3d 425 (Tex. 2000), by improperly
preventing Compaq from presenting individual defenses and challenging the elements of
individual's claims. We first find it helpful to discuss Bernal.

 In Bernal, plaintiffs sought class certification for a personal injury suit arising from
a refinery tank fire. Id. at 428. The trial court certified the class and directed it to
proceed in three phases: 1) to determine general liability and gross negligence; 2) to
determine punitive damages; and 3) to determine causation and actual damages. Id. The
certification order was modified by the court of appeals to require determination of the
class representatives' actual damages before assessment of punitive damages for the class. 
Id. The Supreme Court of Texas held "the trial court's certification order was an abuse
of discretion because common issues do not predominate" and reversed and remanded the
cause for further proceedings. Id. at 439. The court expressly did not consider
"Southwestern's other objections to the class action or the trial plan." Id.

 In its opinion, the Bernal court first considered the requirement of predominance
under Rule 42(b)(4) and concluded the individual issues predominated over the common
ones in this class. Id. at 433-36. In dicta, (5) the court then turned to Rule 42(b)(4)'s
requirement of superiority and found class treatment was not superior to other available
methods of a fair and efficient adjudication. Id. at 437-38. 

 Regarding predominance, the Bernal court observed class action will rarely be an
appropriate device for resolving personal injury claims because such claims often present
thorny causation and damage issues with highly individualistic issues. Id. at 436. The
court found the common issues of liability and whether the materials released by the
exposure were capable of causing the alleged harm were outweighed by the following
individual issues: 1) whether and to what extent each class member was exposed; 2)
whether that exposure was the proximate cause of the harm to each member; 3) whether
and to what extent other factors contributed to the alleged harm; and 4) the amount of
compensatory damages owed each class member. Id. at 436-37. The court noted the latter
issues also included highly individualistic variables such as dosage, location, activity, age,
medical history, sensitivity, and credibility. Id. at 437.

 Considering superiority, the court observed the trial plan did not permit
Southwestern to challenge causation and damages on an individual basis. Id. at 437. The
court concluded a class action which allowed Southwestern to exercise that right would not
be superior treatment. Id. Compaq's intimation that the Bernal court rejected the trial
plan on the sole basis that it did not permit individual defenses is erroneous. Not only did
the court decline to address the merits of the trial plan per se, what the court actually held
was that the trial plan for class action was not (and due to the numerous individual issues
could not be) superior.

 It is Compaq's complaint that the trial plan precludes it from presenting individual
defenses. Specifically, that it may not introduce individual evidence on "post sale use,
configuration, data loss, consequential damages, or problems (or lack thereof)" or "actual
purchase process or individual reliance or . . . failure to give Compaq notice and an
opportunity to cure." But under plaintiffs' theory - that if the FDCs do not meet
specifications Compaq must honor the terms of the warranty - these are not defenses. 
Compaq raised this same objection to the trial plan and the trial court expressly found:

 Given the Named Plaintiffs' causes of action, the Court is not persuaded that
there will be any individual causation or damages issue that would survive
summary judgment and would be submitted to a jury. For example, Compaq
will not be able to submit an issue on whether the FDC defect caused a
particular loss of data (or other problem) to a particular class member,
because the class is not seeking consequential damages.


The trial court's order thoroughly addresses each issue Compaq claims it is entitled to
contest individually and finds otherwise. Compaq has not demonstrated on appeal that the
trial court abused its discretion.

 Compaq further alleges the trial plan's use of sample cases violates Bernal, 22
S.W.3d at 438 (citing Cimino v. Raymark Indus., 151 F.3d 297, 311-21 (5th Cir. 1998)),
in that it prevents contest of individual issues. As noted above, Compaq has not
demonstrated it is precluded from presenting any individual issues that are pertinent to the
case at hand, considering the theories of liability alleged. Furthermore, Bernal did not
disapprove or reject the use of sample cases. The Bernal court noted that in Cimino
"defendants were not permitted to contest individual exposure or causation issues for any
of the 2,288 nonrepresentative class members and the 160 sample cases." The trial court
in Cimino implemented a trial plan whereby the award damages would be based on an
extrapolation of jury awards for 160 sample cases but refused to allow defendants to
contest exposure or causation for the sample cases. Id. As Bernal noted, in a personal
injury case these issues are "highly individualistic." Id. at 436. The issues in this case
are clearly more communal.

 Compaq cites Becton Dickinson & Co. v. Usrey, 57 S.W.3d 488 (Tex. App.--Fort
Worth 2001, no pet.), in arguing against the "claims form" phase of the trial plan. In
Becton Dickinson, a personal injury class action involving design defect claims against
needle manufacturers for needlesticks from used needles, the court held common issues did
not predominate. Id. at 498. In making that determination, the court noted there were
"highly individualistic causation and comparative fault issues" for each class member. Id.
at 496. In Becton Dickinson, the trial court planned to use claim forms to handle
individual issues of comparative fault. Id. at 497. The court noted that "[i]mportantly,
the claim forms would be the only means of discovery allowed under the plan. . . ." Id. 
Compaq fails to illustrate the applicability of Becton Dickinson to the case at bar. In this
case, there is no allegation that the claim forms are the only means of discovery and they
are not to be used to determine comparative fault. And again, as in Bernal, the issues in
this case are not so "highly individualistic."

 Compaq further protests the trial plan as not being "concrete" enough to satisfy
Bernal. Our review of the certification order compels us to disagree. The trial court
clearly performed a rigorous analysis after determining how the claims can, and will
likely, be tried. See Bernal, 22 S.W.3d at 435. The trial court obviously understands "the
claims, defenses, relevant facts, and applicable substantive law. . . ." Id. The trial court's
plan to expedite resolution of individual issues does not unduly restrict presentation of
viable claims or defenses. Id. Accordingly, the certification order comports with Bernal. 
We disagree with Compaq that Bernal either rejects or approves any specific trial plan. 
We believe it is clear that Bernal intended for a trial court, before certifying a class action,
to thoroughly and rigorously consider all of the prerequisites and determine the efficacy,
through development of a trial plan, of actually conducting the suit as a class action. It is
manifest from the certification order that the trial court discharged its duty under Bernal. 
Issue three is overruled.

 In issue four, five, and six, respectively, Compaq contends plaintiffs' claims and
its defenses present such overwhelming individual issues of fact as to make the class fail
the typicality, predominance, and superiority requirements of Tex. R. Civ. P. 42. We first
note that typicality is a requirement for class certification under Rule 42(a)(3) while
predominance and superiority are requirements for a class certified under Rule 42(b)(4). 
 Underpinning Compaq's argument regarding these requirements is its assertion that
"the class covers approximately 1.8 million computers" and "these issues are necessarily
unique to each class member's computer." While the class may cover 1.8 million
computers, (6) it only covers two FDC models, SiS 6801 or ITE 8661. Furthermore, the trial
court found, and Compaq does not dispute, the SiS 6801 and ITE 8661 "differ only in
name. Except for the logo printed on the chip case, they are the same." 

 We first address Compaq's contention that plaintiffs fail to meet the typicality
requirement of Tex. R. Civ. P. 42(a)(3). (7) "Generally, the typicality requirement mandates
that the class representatives possess the same interests and suffer the same injury as the
class." State Farm Mut. Auto. Ins. Co. v. Lopez, 45 S.W.3d 182, 191 (Tex. App.--
Corpus Christi 2001, no pet.). When "the claims of the class representative have the same
essential characteristics as those of the class as a whole," the requirement is satisfied.
Union Pac. Res. Group, Inc. v. Hankins, 51 S.W.3d 741, 751 (Tex. App.--El Paso 2001,
no pet.). To be typical, the claims need not be identical but the representative's claims
must arise from the same event or course of conduct giving rise to the claims of other class
members and be based on the same legal theories. See Lopez, 45 S.W.3d at 191.

 Here, the underlying theory is the same for all class members. The trial court did
not abuse its discretion in finding typicality here. Issue four is overruled. Because the
trial court certified the class under Rule 42(b)(2), and only alternatively certified the class
under Rule 42(b)(4), and having found the trial court did not abuse its discretion in
certifying a (b)(3) class, it is unnecessary to address issues five and six challenging the
requirements of predominance and superiority. 

 Issue seven charges that plaintiffs' breach of warranty claim requires the application
of different states' laws, rendering any classwide trial and jury instructions
incomprehensibly chaotic. Compaq relies upon the authority of Spence v. Glock, 227 F.3d
308 (5th Cir. 2000); Christian v. Sony Corp. of Am., Civil No. 00-932 (DWF/AJB), 2001
U.S. Dist. LEXIS 9858 (D. Minn. June 26, 2001); and Neely v. Ethicon, Inc., 2001 U.S.
Dist. LEXIS 15599 (E.D. Tex. 2001). Neely is an unpublished opinion and therefore
improperly cited as authority. See Tex. R. App. P. 47.7. Spence is cited in aid of
Compaq's argument that in resolving a conflict of law, it is the place where the consumer
purchased and used the product, not the manufacturer's residence, that controls. See
Spence, 227 F.3d at 314 n. 9. Compaq cites Christian for its premise that "the laws of
different states will likely apply to different members of the proposed class." Christian,
2001 U.S. Dist. LEXIS 9858, at *9. While this is all "well and good," it does not identify
an actual conflict of law which might arise in the case at bar.

 The only conflict Compaq points to is "the policy interests of states that refuse to
allow breach of warranty claims where the product at issue has not actually
malfunctioned." (8) The cases referred to by Compaq are Briehl v. General Motors Corp.,
172 F.3d 623, 630 (8th Cir. 1999); Feinstein v. Firestone Tire & Rubber Co., 535 F.Supp.
595, 603 (S.D.N.Y. 1982); Chin v. Chrysler, 182 F.R.D. 448, 455 (D.N.J. 1998); and
In re Ford Motor Co. Ignition Switch Products Liability Litigation, 174 F.R.D. 332, 352
(D.N.J. 1997). We first note these cases all apply federal law. Compaq fails to explain
how a conflict, if any, between Texas law and federal law necessitates this court finding
a conflict between Texas law and the laws of the other states.

 Compaq also neglects to discuss Microsoft Corp. v. Manning, 914 S.W.2d 602
(Tex. App.--Texarkana 1995, writ dism'd), wherein our sister court rejected this same
argument. Distinguishing Feinstein and other automotive cases, the court wrote:

 Software, however, is not like tires or cars. Tires and cars have a distinctly
limited usable life. At the end of the product's life, the product and
whatever defect it may have had pass away. If a defect does not manifest
itself in that time span, the buyer has gotten what he bargained for. 
Software's useful life, however, is indefinite. Even though the defect is not
manifest today, perhaps because the user is not using the data compression
feature, it may manifest itself tomorrow. The only way for an MS-DOS 6.0
buyer to avoid the possibility of injury is to pay for the upgrade, never use
the data compression feature, or use another operating system. The buyer
never gets what he bargained for, i.e., an operating system with an effective
data compression feature.


Manning, 914 S.W.2d at 609. Intrinsic to plaintiffs' claim is the allegation they did not
get what they bargained for, i.e., an FDC that meets specifications. As Compaq
recognizes in its brief, the buyer in this case can only avoid the possibility of injury by
never using his floppy drive, not multitasking, or never accessing the floppy drive while
multitasking. Thus, it can be argued, the buyer never gets the benefit of his bargain - a
computer that can multitask while accessing the floppy drive without losing data. We are
persuaded by Manning that the automotive defect cases are inapplicable to the case at bar. 
Accordingly, Compaq has failed to illustrate any conflict of law to this court which would
render the trial court's certification an abuse of discretion. Issue seven is overruled.

 In its eighth issue Compaq asserts plaintiffs do not satisfy the adequacy of
representation prerequisite under Tex. R. Civ. P. 42(a)(4). (9) Specifically, Compaq claims
plaintiffs presented no proof they understood the strategies being taken on behalf of the
class or the potential adverse effect of such strategies on absent class members. Relying
on Berger v. Compaq Computer Corp., 257 F.3d 475 (5th Cir. 2001), Compaq alleges
class representative Wilson "did not understand the meaning of the term 'consequential
damages' and could not explain why the class was disclaiming them. . . . He did not
understand why the class had dropped its implied warranty claim. . . . He could not
explain why the class had dropped its revocation of acceptance claim."

 While the representative's knowledge of the litigation is a factor in deciding
adequate representation, see Union Pacific Resources Group, Inc. v. Hankins, 51 S.W.3d
741, 752 (Tex. App.--El Paso 2001, no pet.), case law refers to a representative "who will
provide his personal knowledge of the facts underlying the complaint." Forsyth v. Lake
LBJ Inv. Corp., 903 S.W.2d 146, 152 (Tex. App.--Austin 1995, writ dism'd w.o.j.) 
(emphasis added) (quoting Weisman v. Darneille, 78 F.R.D. 669, 671 (S.D.N.Y. 1978)). 
See also Entex, a Div. of Noram Energy Corp. v. City of Pearland, 990 S.W.2d 904, 916
(Tex. App.--Houston [14th Dist.] 1999, no pet.). To adequately represent the class, "it
must appear that the representatives, through their attorneys, will vigorously prosecute the
class claims." Intratex Gas. Co. v. Beeson, 960 S.W.2d 389, 398 (Tex. App.--Houston
[1st Dist.] 1998), rev'd on other grounds, 22 S.W.3d 398 (Tex. 2000) (emphasis added). 
"In other words, the qualifications and experience of class counsel is of greater
consequence than the knowledge of class representatives." Weatherly v. Deloitte &
Touche, 905 S.W.2d 642, 652 (Tex. App.--Houston [14th Dist.] 1995, writ dism'd
w.o.j.). We are aware of no authority, and Compaq cites none, requiring legal expertise
on the part of class representatives. Wilson's failure to fully comprehend legal terms or
theories does not demonstrate insufficient knowledge of the nature of his claim. See
Weatherly, 905 S.W.2d at 652.

 Comaq further argues that by disclaiming consequential damages and abandoning
claims for injunctive relief, implied warranty and revocation of acceptance, plaintiffs have
sacrificed the interests of certain absent class members. We first note that consequential
damages, breach of implied warranty, and revocation of acceptance are expressly excluded
by the warranty. 

 The decision to disclaim consequential damages does not proscribe recovery of
consequential damages by claimants who have experienced data loss, as Compaq claims. 
The trial court specifically excluded those claims from the class action so they will not be
litigated. Therefore, those parties can opt out of the class action and pursue their claims
for data loss. See Manning, 914 S.W.2d at 611.

 Likewise, the abandonment of other theories of liability would not bind those who
opt out of the class action. While those who choose to be part of the class might be bound
- upon a determination the claim arose from the same operative facts - that possibility
alone does not establish the trial court abused its discretion in finding the representatives
to be adequate.

 Compaq argues that "[c]laim preclusion prevents splitting a cause of action under
the principle of res judicata." Bartkowiak v. Quantum Chem. Corp., 35 S.W.3d 103, 107
(Tex. App.--Amarillo 2000, no pet.) (citing Amstadt v. U.S. Brass Corp., 919 S.W.2d
644, 652 (Tex. 1996)). (Neither Amstadt nor Bartkowiak involved a class action.) 
However, in the matter of a class action, "splitting" may be perfectly appropriate. The
fact that defendants engaged in a course of activity giving rising to a variety of claims,
only some of which are suitable for class treatment, does not mean certification is
inappropriate. See Manning, 914 S.W.2d at 610 (citing Sullivan v. Chase Inv. Servs. of
Boston, Inc., 79 F.R.D. 246 (N.D. Cal. 1978)). As the Manning court discusses, the
parties seeking class certification in Sullivan "pursued only certain fraud claims, while
omitting other claims that could have been asserted by other plaintiffs." Id. The Sullivan
court rejected defendants' arguments and found "[c]lients who have claims not raised in
this class action because the claims are unsuitable for class treatment can bring those
claims on an individual basis, and res judicata will not bar those claims because absent
class members had no opportunity to litigate those issues in this lawsuit." Id. (quoting
Sullivan, 79 F.R.D. at 265).

 Adequacy of representation is a fact question addressed to the sound discretion of
the trial court and so long as there is evidence to support the trial court's decision, it will
not be disturbed. See Peters v. Blockbuster, 65 S.W.3d 295, 305 (Tex. App.--Beaumont
2001, no pet.). If the relevant evidence is conflicting, the trial court does not abuse its
discretion. See Manning, 914 S.W.2d at 607. Compaq has not demonstrated the trial
court acted arbitrarily or unreasonable, or without reference to any guiding principles in
finding "the representative parties will fairly and adequately protect the interests of the
class." Tex. R. Civ. P. 42(a)(4); see Manning, 914 S.W.2d at 607. Accordingly, issue
eight is overruled.

 In issues nine and ten, Compaq claims the trial court abused its discretion in
admitting testimony from Plaintiffs' four experts. Appellees argue the trial court is not
limited to admissible evidence when making a certification determination. In its reply
brief, Compaq asserts only that it has authority for its position and it did not waive error.
None of the cases cited by Compaq involved a class certification. See K-Mart Corp. v.
Honeycutt, 24 S.W.3d 357, 359 (Tex. 2000); Merrell Dow Phar., Inc. v. Havner, 953
S.W.2d 706, 712 (Tex. 1997); and Gen. Elec. Co. v. Joiner, 522 U.S. 136, 146 (1997). 
Compaq cites no cases contrary to, and makes no attempt to distinguish, that authority
noted below. 

 The majority of the courts of appeals have consistently held "[t]he evidence on
which a trial court bases its certification ruling need not be in a form necessary to be
admissible at trial." Henry Schein, Inc. v. Stromboe, 28 S.W.3d 196, 201 (Tex. App.--
Austin 2000, pet. dism'd w.o.j.); see also Monsanto Co. v. Davis, 25 S.W.3d 773, 784
(Tex. App.--Waco 2000, pet. dism'd w.o.j.); Tex. Commerce Bank Nat'l Ass'n v. Wood,
994 S.W.2d 796, 801 (Tex. App.--Corpus Christi 1999, pet. dism'd w.o.j); St. Louis
Southwestern Ry. Co. v. Voluntary Purchasing Groups, Inc., 929 S.W.2d 25, 30 (Tex.
App.--Texarkana 1996, no writ); Health & Tennis Corp. of Am. v. Jackson, 928 S.W.2d
583, 587 (Tex. App.--San Antonio 1996, writ dism'd w.o.j.); Dresser Ind., Inc. v. Snell,
847 S.W.2d 367, 376 (Tex. App.--El Paso 1993, no writ); and Nat'l Gypsum Co. v.
Kirbyville Ind. Sch. Dist., 770 S.W.2d 621, 627 (Tex. App.--Beaumont 1989, writ dism'd
w.o.j.). (10) Accordingly, issues nine and ten are overruled.

 For all of the above reasons, we affirm the trial court's class certification order.

 AFFIRMED.

 




 DON BURGESS

 Justice


Submitted on March 7, 2002

Opinion Delivered June 20, 2002 

Publish


Before Walker, C.J., Burgess and Hill (11), JJ.
1. Excluded from the class are "[a]ll government entities, bodies and agencies of any
character, federal, state, or local, and their employees (in that capacity only); the presiding
judge(s) and other court personnel; the Named Defendants and their employees."
2. "[A]ny Compaq computer model that contains a SiS 6801 or ITE 8661 FDC, which
are identified as being desktop Presario model numbers 2266, 2275, 2281, 2285V, 2286,
2412ES, 2416ES, 5070, 5184, 5185, 5301, 5304, 5304b, 5340, 5345, 5360, 5365, 5410,
5440, 5441, 5451, 5452, 5460, 5461, 5465, and 5710, Presario laptop model numbers
17XL2, 17XL266, 17XL274, 17XL264, 17XL266, 17XL260, 17XL261, 17XL262,
17XL275, 17XL265, AND 1700T[CTO]."
3. We first note that Compaq's brief does not argue the issues as listed at the
beginning of Compaq's brief. We have attempted to reconcile Compaq's list of issues with
its argument headings by ascribing all of Compaq's arguments to a particular issue.
4. Sheldon was reversed on the basis that the class definition failed to meet the
clearly-ascertainable requirement. Sheldon, 22 S.W.3d 455.
5. Because the court reversed certification on the issue of predominance, it was
unnecessary to address superiority.
6. We say "may" because Compaq fails to provide a record reference for this factual
assertion.
7. Requiring that "the claims or defenses of the representative parties are typical of
the claims or defenses of the class."
8. Compaq fails to cite any precedent at this juncture but in a footnote refers to a
"discussion of 'unmanifested defect' cases, supra." In a 75-page brief, this reference is
less than helpful.
9. Requiring that "the representative parties will fairly and adequately protect the
interests of the class."
10. It was not our intention in Peters v. Blockbuster, Inc., 65 S.W.3d at 306, when
stating "[t]he trial court can consider any admissible evidence" to suggest the trial court
can only consider admissible evidence. To the extent that language may be misunderstood
to imply that proposition, it is disavowed.
11. The Honorable John Hill, sitting by assignment pursuant to Tex. Gov't Code
Ann. § 74.003(b) (Vernon 1998).