eMACHINES, INC., EM Holdings, Inc., Empire Acquisition Corp., Trigem America Corporation, and Trigem Computer, Inc., Appellants,

v.

David PACKARD, Packard, Packard & Lapray, and John Hock, et al., Appellees.

No. 09–04–020 CV.

Court of Appeals of Texas, Beaumont.

Submitted on Oct. 1, 2004.

Decided Oct. 28, 2004.

See also *Compaq Computer Corp. v. Lapray*, 135 S.W.3d 657 (Tex.2004).

Lawrence L. Germer, Germer Gertz, Tanner T. Hunt, Melody Thomas, Wells, Peyton, Greenberg & Hunt, Beaumont,

James J. Scheske, Judity I. McGeary, David C. Lawrence, Akin Gump Strauss Hauer & Feld, Austin, Peter M. Stone, Matthew C. Lapple, Paul, Hastings, Janofsky & Walker, Costa Mesa, CA, for appellants.

Wayne A. Reaud, L. DeWayne Layfield, Hubert Oxford, III, Benckenstein & Oxford, Gilbert I. Low, Gary Neale Reger, Jack P. Carroll, Orgain, Bell & Tucker, C. Keith Kebodeaux, Olen Kenneth Doss, Beaumont, Joseph C. Blanks, Doucette, for appellees.

Before McKEITHEN, C.J., BURGESS and HILL *, JJ.

## OPINION

PER CURIAM.

This is an appeal from an order certifying a class of computer purchasers. Specifically, the class consists of residents of the United States who purchased, on or after December 31, 1997, "eMachines"-brand computers identified by particular model numbers. The class contains approximately three million purchasers. The trial court certified the class pursuant to Tex.R. Civ. P. 42(a), (b)(2), and (b)(3).[1] The certification order was signed by the trial court on December 30, 2003. Appellants prosecute this interlocutory appeal pursuant to Tex. Civ. Prac. & Rem.Code Ann. § 51.014(a)(3) (Vernon Supp.2004). Among the various issues raised, appellants contend the trial court abused its

* The Honorable John Hill, sitting by assignment pursuant to Tex. Gov't Code Ann. § 74.003(b) (Vernon 1998).

1. The trial court actually certified the class under Rules (b)(2) and (b)(4). However, effective January 1, 2004, subparagraph (b)(3) was deleted from Rule 42, and former subparagraph (b)(4) was re-designated (b)(3), with minor changes unrelated to the issues before us. *See* Tex.R. Civ. P. 42 General Commentary—2003 (Vernon Supp.2004) ("Subparagraph (b)(3) is omitted as unnecessary."). As did the Court in *Compaq Computer Corp. v. Lapray*, 135 S.W.3d 657, 661 n. 1 (Tex.2004), we will employ the designation (b)(3), which will also include former subparagraph (b)(4). Upon remand, the trial court's proceedings will be governed by the amended rule. *Id.* (citing to *Ex parte Abell*, 613 S.W.2d 255, 260–61 (Tex.1981)).

discretion in its ruling that "no true conflict of law" existed between the law of Texas and the law of the various jurisdictions affected; that individual issues dominate; and that certification of a nationwide class under Rule 42(b)(2) would violate constitutional rights of absent class members.

During the pendency of this appeal, the Texas Supreme Court issued its opinion in *Compaq Computer Corp. v. Lapray,* 135 S.W.3d 657 (Tex.2004). The factual allegations and causes of action in *Lapray* were virtually identical to the ones alleged by appellees in the instant case. *See Lapray,* 135 S.W.3d at 661–62. As in the instant case, the trial court in *Lapray* certified the class under Rule 42(b)(2) and (b)(3). *Id.* at 661. We affirmed the certification order on direct appeal. *See Compaq Computer Corp. v. Lapray,* 79 S.W.3d 779 (Tex.App.-Beaumont 2002).

■ The Supreme Court reversed our judgment and found, inter alia, the trial court erred in determining that Texas law governed all class members' claims. *Lapray,* 135 S.W.3d at 671–81. The Court conducted a rigorous analysis of the laws in the fifty-one jurisdictions where the putative class members resided and found substantial conflicts between various jurisdictions and Texas on the law of breach of express warranty. *Id.* The Court concluded that the trial court's certification of the class under Rule 42(b)(3) was an abuse of discretion because common issues did not predominate over individual issues. *Lapray,* 135 S.W.3d at 681. The Court remanded the cause to the trial court for further proceedings consistent with its opinion. *Id.* In the instant case, the trial court's finding that "no true conflict of law" exists between Texas law and the law of the various jurisdictions affected is in direct conflict with the identical issue analyzed by the Texas Supreme Court in *La-*

*pray.* Therefore, it was an abuse of discretion to certify the class under Rule 42(b)(3).

■ As for class certification under Rule 42(b)(2), a trial court's "rigorous analysis" of all certification prerequisites must include an analysis of class cohesiveness. *Id.* at 670–71. The Court noted that a "cohesiveness" analysis may, in many cases, be identical to the "predominance and superiority" test required for Rule 42(b)(3) certification. *Id.* at 671. However, a more rigorous definition of class cohesiveness is needed in the case of a mandatory class action where the class member is essentially being coerced into participation. *Id.* This is apparently so because of the lack of the opportunity to "opt-out," as also affects some unnamed class members in certain Rule 42(b)(3) actions. *Id.* The Court observed that, should a trial court determine that "notice and opt-out" be provided under its Rule 42(b)(2) analysis, the cohesiveness required for certifying a(b)(2) class need not be greater than the "predominance and superiority" prerequisites for a class certified under Rule 42(b)(3). *Id.* In the instant case, we have been unable to locate any finding by the trial court regarding the necessity for "notice and opt-out" opportunity to be given to the unnamed certified class members. Under its "Conclusions of Law," paragraph 8.10 contains he conclusory provision: "The class is cohesive. The claims are not highly individualistic." The record before us does not meet the *Lapray* requirement for a "rigorous analysis" of cohesiveness of the potential class prior to certification under Rule 42(b)(2).

In light of *Lapray,* the parties filed supplemental briefs. In their brief, appellees concede that certification of a national class is reversible error. Appellees state that the proper action is to reverse and

remand to the trial court for further proceedings consistent with *Lapray.* In their supplemental briefs, appellants concur with appellees' suggestion of reversal and remand as the proper response from this Court. We agree. In light of the holdings in *Lapray* as noted above, the trial court erred in certifying a nationwide class. Accordingly, we need not address the appellants' additional issues challenging other certification deficiencies. We reverse the trial court's certification of the nationwide mandatory class and remand the cause for further proceedings consistent with this opinion. REVERSED AND REMANDED.