In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-04-020 CV


____________________



eMACHINES, INC., EM HOLDINGS, INC., EMPIRE ACQUISITION


CORP., TRIGEM AMERICA CORPORATION, AND 


TRIGEM COMPUTER, INC., Appellants



V.



DAVID PACKARD, PACKARD, PACKARD & LAPRAY, AND


JOHN HOCK, ET AL., Appellees 






On Appeal from the 172nd District Court


Jefferson County, Texas


Trial Cause No. E-165,336






OPINION


 This is an appeal from an order certifying a class of computer purchasers. 
Specifically, the class consists of residents of the United States who purchased, on or after
December 31, 1997, "eMachines"-brand computers identified by particular model
numbers. The class contains approximately three million purchasers. The trial court
certified the class pursuant to Tex. R. Civ. P. 42(a), (b)(2), and (b)(3). (1) The certification
order was signed by the trial court on December 30, 2003. Appellants prosecute this
interlocutory appeal pursuant to Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(3)
(Vernon Supp. 2004). Among the various issues raised, appellants contend the trial court
abused its discretion in its ruling that "no true conflict of law" existed between the law of
Texas and the law of the various jurisdictions affected; that individual issues dominate; and
that certification of a nationwide class under Rule 42(b)(2) would violate constitutional
rights of absent class members. 

 During the pendency of this appeal, the Texas Supreme Court issued its opinion in
Compaq Computer Corp. v. LaPray, 135 S.W.3d 657 (Tex. 2004). The factual allegations
and causes of action in LaPray were virtually identical to the ones alleged by appellees in
the instant case. See LaPray, 135 S.W.3d at 661-62. As in the instant case, the trial court
in LaPray certified the class under Rule 42(b)(2) and (b)(3). Id. at 661. We affirmed the
certification order on direct appeal. See Compaq Computer Corp. v. LaPray, 79 S.W.3d
779 (Tex. App.--Beaumont 2002). 

 The Supreme Court reversed our judgment and found, inter alia, the trial court
erred in determining that Texas law governed all class members' claims. LaPray, 135
S.W.3d at 671-81. The Court conducted a rigorous analysis of the laws in the fifty-one
jurisdictions where the putative class members resided and found substantial conflicts
between various jurisdictions and Texas on the law of breach of express warranty. Id. 
The Court concluded that the trial court's certification of the class under Rule 42(b)(3) was
an abuse of discretion because common issues did not predominate over individual issues. 
LaPray, 135 S.W.3d at 681. The Court remanded the cause to the trial court for further
proceedings consistent with its opinion. Id. In the instant case, the trial court's finding
that "no true conflict of law" exists between Texas law and the law of the various
jurisdictions affected is in direct conflict with the identical issue analyzed by the Texas
Supreme Court in LaPray. Therefore, it was an abuse of discretion to certify the class
under Rule 42(b)(3).

 As for class certification under Rule 42(b)(2), a trial court's "rigorous analysis" of
all certification prerequisites must include an analysis of class cohesiveness. Id. at 670-71. 
The Court noted that a "cohesiveness" analysis may, in many cases, be identical to the
"predominance and superiority" test required for Rule 42(b)(3) certification. Id. at 671. 
However, a more rigorous definition of class cohesiveness is needed in the case of a
mandatory class action where the class member is essentially being coerced into
participation. Id. This is apparently so because of the lack of the opportunity to "opt-out," as also affects some unnamed class members in certain Rule 42(b)(3) actions. Id. 
The Court observed that, should a trial court determine that "notice and opt-out" be
provided under its Rule 42(b)(2) analysis, the cohesiveness required for certifying a (b)(2)
class need not be greater than the "predominance and superiority" prerequisites for a class
certified under Rule 42(b)(3). Id. In the instant case, we have been unable to locate any
finding by the trial court regarding the necessity for "notice and opt-out" opportunity to
be given to the unnamed certified class members. Under its "Conclusions of Law,"
paragraph 8.10 contains the conclusory provision: "The class is cohesive. The claims are
not highly individualistic." The record before us does not meet the LaPray requirement
for a "rigorous analysis" of cohesiveness of the potential class prior to certification under
Rule 42(b)(2). 

 In light of LaPray, the parties filed supplemental briefs. In their brief, appellees
concede that certification of a national class is reversible error. Appellees state that the
proper action is to reverse and remand to the trial court for further proceedings consistent
with LaPray. In their supplemental briefs, appellants concur with appellees' suggestion
of reversal and remand as the proper response from this Court. We agree. In light of the
holdings in LaPray as noted above, the trial court erred in certifying a nationwide class. 
Accordingly, we need not address the appellants' additional issues challenging other
certification deficiencies. We reverse the trial court's certification of the nationwide
mandatory class and remand the cause for further proceedings consistent with this opinion. 
 REVERSED AND REMANDED.



 PER CURIAM



Submitted on October 1, 2004

Opinion Delivered October 28, 2004


Before McKeithen, C.J., Burgess and Hill (2), JJ.
1. The trial court actually certified the class under Rules (b)(2) and (b)(
4). 
However, effective January 1, 2004, subparagraph (b)(3) was deleted from Rule 42, and
former subparagraph (b)(4) was re-designated (b)(3), with minor changes unrelated to the
issues before us. See Tex. R. Civ. P. 42 General Commentary--2003 (Vernon Supp. 2004)
("Subparagraph (b)(3) is omitted as unnecessary."). As did the Court in Compaq
Computer Corp. v. LaPray, 135 S.W.3d 657, 661 n.1 (Tex. 2004), we will employ the
designation (b)(3), which will also include former subparagraph (b)(4). Upon remand, the
trial court's proceedings will be governed by the amended rule. Id. (citing to Ex parte
Abell, 613 S.W.2d 255, 260-61 (Tex. 1981)).
2. The Honorable John Hill, sitting by assignment pursuant to Tex. Gov't Code
Ann. § 74.003(b) (Vernon 1998).